## GRUBBS vs. ELLYSON.

A homestead is not subject to attachment any more than it is to an execution.

*Appeal from Ashley Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

JOHNSTON & BOLLING, for the appellant.

WADDELL for the appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

The plaintiff in error sued Ellyson on a note, and obtained a writ of attachment against his property, which, among other things, was levied on twelve and a half acres of land on the south side of the north half of the south-east quarter of section fifteen, in township seventeen south, of range seven west. Ellyson moved to quash so much of the return of the sheriff as showed the levy of the writ upon the piece of land referred to, because he was a free white citizen of the state, a house-holder, the head of a family, and because the land was his homestead,

and actual family residence, and because the demand of the plaintiff had not arisen before the 8th of December, 1852. The plaintiffs filed their response, stated in the record to be in the nature of a demurrer to the motion. Giving to the response the effect of a demurrer, it was an admission of the facts alleged in the motion, and no affidavit of their truth was necessary. We need not, therefore, decide any thing upon Mrs. Ellyson's affidavit accompanying the motion; but the legal effect of the allegations of the motion is alone to be considered. These show that Ellyson was entitled to a homestead, under the 29th *section of chap.* 68, *Gould's Dig.*, as a free white citizen of the State, and householder, and that the land levied on was his family residence. An attachment is but a preliminary execution, so that a homestead is not subject to attachment any more than it is to an execution, that is final process. The motion being taken as true, establishes the right of Ellyson to hold his homestead exempt from attachment. *Tumlinson vs. Swinney*, 22 *Ark.* The motion was not an attempt, nor does it have the effect, to question the truth of the affidavit upon which the writ of attachment issued. It admits the right of issuance of the attachment, but contests its levy upon the homestead. The Circuit Court overruled the demurrer to the motion, and its ruling is approved.