## SWANGER v. GOODWIN.

EXEMPTION: *Vendor's right to seize chattel: Conflict of laws.*

Where personal property in another State was sold there upon a credit and afterwards removed to this State, it may be seized here in the vendee's possession and condemned to sale (under *secs. 4398, 4399 Mansf. Dig.*), in an action brought by the vendor to recover the purchase price, although the laws of the State in which the sale was made, afforded the vendor no remedy against the specific property, and the debtor might have claimed it there as exempt.

APPEAL from *Miller* Circuit Court.

L. A. BYRNE, Judge.

*Scott & Jones* for appellant.

The sole question in this case is, whether or not the vendor's lien or privilege given by the Constitution and laws of

the State of Arkansas is a part of the contract, or only relates to the remedy?

There could be no lien given, even though the property and purchaser both subsequently removed to Arkansas.

The common law is presumed to prevail in Texas. Under the common law, the vendor of personal property has no lien or privilege thereon for the payment of the purchase money. It was therefore the duty of the appellee, claiming this privilege, to show that by the law of Texas he had this lien, the same being a statutory lien and not given by the common law. *10 Ark., 169; 19 Mich., 187; 19 Mo., 84; Story on Confl. Law (2d ed.), sec. 332; 13 Am. Dec., 281.*

*Jones & Martin* for appellee.

Section 1, article 9, Constitution 1874, and the act, of March 9, 1877, create no *lien* on personal property. The act only prescribes a *remedy* for the collection of the debt while the property sold is "in possession of the vendee." *36 Ark., 91; 45 Ark., 141.*

Appellant having appealed from the entire judgment, and given supersedeas bond, even if the order of condemnation was wrong, there must be an affirmance of so much of the judgment as gave appellee judgment for his debt. *Krone v. Cooper, 43 Ark., 554.*

SMITH, J. The action was upon three promissory notes representing the unpaid purchase money of certain chattels, described in the complaint, which had been sold and delivered by the plaintiff to the defendant. An order of seizure was issued and executed. The defendant admitted his indebtedness, but resisted the condemnation of his property to the satisfaction of any judgment that might be recovered against him,

upon the ground that the notes and the contract of purchase out of which they arose, were made in the State of Texas, where the property was then situate, and that the laws of that State made no provision for a lien in favor of the vendor of personal property.

It appeared from the proofs that the plaintiff had sold to the defendant his one-half interest in a saw mill, with its fixtures, appurtenances and machinery, upon a credit; that the trade was closed and the purchase notes executed at the mill, which then stood in Texas, about half a mile from the line of Arkansas, and the defendant had afterwards removed the mill to this State, where it was at the time it was attached.

The Circuit Court condemned the property to sale for satisfaction of the plaintiff's debt. And the question for decision is whether the right, which the statute gives, of subjecting personal property sold on a credit to the payment of the purchase price, while it remains in the hands of the vendee, is a part of the contract, or relates merely to the remedy. The defendant contends that the rights of the parties were fixed by the laws of Texas; and since no lien or privilege existed there, none could be allowed here, although our law would sustain the claim, if the transaction had taken place in this State.

"Matters bearing upon the execution, the interpretation and validity of a contract, are determined by the law of the place where the contract is made. * *. * Matters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought." *Scudder v. Union National Bank, 91 U. S., 412.*

In *Whiston v. Stodder, 4 Martin, 48; S. C., 13th Am. Dec., 281,* where goods were purchased in England by citizens of Louisiana, who became insolvent before paying for them, it was ruled that as the laws of England provided no privilege

for vendors, none was acquired by the removal of the goods to Louisiana, whose laws do grant such a privilege.

Our Constitution ordains that no personal property shall be exempt from execution for debts contracted in purchasing it as long as it remains in the hands of the vendee. *Art. 9, sec. 1.* And the act of March 9, 1877, passed to give effect to this provision, enacts that in an action to recover the purchase money of a chattel, the debtor shall not be allowed to claim the specific chattel he has purchased, but never paid for, as exempt from seizure and sale. And the plaintiff, on filing a sworn petition, describing the property and stating its value, is entitled to an order of sequestration. *Mansf. Dig., secs. 4398–9.*

In *Bridgford v. Adams, 45 Ark., 136,* it was settled that the effect of this law is not to give to the vendor a lien on the chattel sold for the purchase price, but only to forbid its exemption for his debt and to enable him to seize it, at the commencement of his action, if still in the possession or control of the purchaser, without the necessity of alleging any of the ordinary grounds of attachment. It was declared to be "a statutory process for impounding the chattel to prevent alienation, *pendente lite.*" And the object of the action was not to enforce a previously existing lien, but to create a lien by service of process upon the property.

This case more nearly resembles *Steadman v. Patchin, 34 Barbour, 218.* There a statute of Ohio gave a lien for articles furnished in equipping a ship. And it was held that a New York creditor, who furnished such articles in New York, on a New York contract, to a New York ship, could avail himself of the statute when the ship reached an Ohio port. "Of course," said JOHNSON, J., in giving the opinion of the court, "the statute of Ohio could not create a lien upon a vessel lying in the waters of this State for a debt created here, while the vessel was thus situated. But I do not see why the State

L. R. & Ft. S. Ry. Co. v. Hanniford.

of Ohio may not by statute give the creditor residing here, when he comes into that State, a right to attach such vessel, whenever it may come there, to enforce the payment of such debt."

The liability or exemption of specific property from mesne or final process is governed by the *lex fori*. Laws regulating such matters leave the contract in full force and pertain exclusively to the remedy. *Wharton on Conflict of Laws, secs. 790–1*, and cases cited.

Judgment affirmed.