BLASS *v.* HOOD.

Opinion delivered December 3, 1892.

*Sale of chattels—Specific attachment—Effect of vendee's death.*

> Under sections 4398-9, Mansf. Dig., which provide that, in an action for the recovery of money contracted for property in possession of the vendee, the plaintiff may obtain an order directing the sheriff or other officer to take the property and hold it subject to the orders of the court, the privilege cannot be exercised after the vendee dies and letters testamentary or of administration are granted upon his estate.

Appeal from Dallas Circuit Court.

CARROLL D. WOOD, Judge.

Gus Blass & Co. brought replevin against H. T. Hood, as administrator of the estate of N. T. Hudson, alleging that, in Hudson's life time, they sold him certain goods and merchandise which were in his possession at the time of his death ; that the goods were never paid for, and that they were entitled to the possession thereof as against the defendant.    The answer denied plaintiff's ownership and set up defendant's title.

The evidence established the facts that the goods were sold to Hudson by plaintiffs ; that they were in Hudson's possession at his death, and that they came into defendant's possession as the administrator of Hudson's estate.

The case was tried before the judge sitting as a jury. After hearing the evidence the court found that the property in controversy belonged to defendant as administrator, and that plaintiffs were not entitled to possession thereof as against him.    Plaintiffs have appealed.

*Caruth & Erb* for appellants.

1.    Under our statutes appellants had a right to the goods against Hudson had he been alive.    Mansf. Dig.

sec. 4399 ; Const. art. 9, sec. 1 ; Mansf. Dig. sec. 4398.

2. His death does not operate to defeat the statutory right. The administrator is simply the personal representative of the vendee.

*M. M. Duffie* for appellee.

Replevin is not the remedy allowed by sec. 4399, Mansf. Dig. They had no lien on the goods. 45 Ark. 136. At Hudson's death the goods passed to his estate and became assets in the hands of his administrator, and an administrator cannot be proceeded against as such by attachment. 1 Johns. Cas. 372 ; 9 Wend. 465 ; 4 Day, 87 ; 3 Halst. 179 ; 3 Green, 183 ; 2 Dall. 73 ; 1 Harp. 125 ; 23 Ala. N. S. 369 ; 1 Mart. N. S. 202, 380 ; 1 Cr. C. C. 352, 469.

BATTLE, J. Sections 4398 and 4399 of Mansfield's Digest, which provide that, in an action to collect a debt contracted by the sale of personal property, the plaintiff may obtain an order directing the sheriff or other officer to take the property in possession of the vendee and hold it subject to the orders of the court, do not create a lien in favor or the vendor, but only give him the privilege of suing out a specific attachment against the property for the purpose of creating one and preventing the vendee from getting the property beyond his reach *pendente lite*. *Fox* v. *Arkansas Industrial Co.* 52 Ark. 450 ; *Swanger* v. *Goodwin*, 49 *id.* 290 ; *Bridgeford* v. *Adams*, 45 *id.* 136 ; *Friedman* v. *Sullivan*, 48 *id.* 215 ; *Creanor* v. *Creanor*, 36 *id.* 91.

But this privilege cannot be lawfully exercised after the death of the vendee and letters testamentary or of administration have been granted upon his estate. For when he dies, the probate court becomes vested "with at least potential jurisdiction" over his entire estate, "which is put in actual exercise, if not before, at least upon the granting of letters testamentary or of adminis-

tration." Upon the granting of such letters all his property, although the purchase money for the same may be unpaid, passes into the custody of the law, and becomes assets, a trust fund in the hands of his executor or administrator for the payment of his debts, subject to any liens or charges thereon or interests therein acquired by any other person in his lifetime. When the letters are granted, the law provides that all persons having claims against his estate shall exhibit the same properly authenticated to his executor or administrator for allowance and classification within a certain time. When this is done, the law provides that the claims presented and allowed shall be paid with the assets according to " a fixed scale of successive subordination," and that each class shall be paid in its order, and in case the assets shall not be sufficient to pay all the claims in one class, they shall be divided among that class *pro rata*, " to the absolute exclusion of all claims in classes lower in the fixed scale." Any creditor having a claim who fails to present the same within the time prescribed is forever precluded from any benefit in his estate. *Turner* v. *Risor*, 54 Ark. 33. No creditor can acquire a lien on property in the hands of an executor or administrator, or appropriate the same to the payment of his claim, by seizure under attachment or any final process. Such proceedings, if sustained by the courts, would be subversive of the statutes which prescribe the manner in which the estates of deceased persons shall be administered. But any person having acquired a lien or interest during the lifetime of the deceased can foreclose or enforce the same in the manner prescribed by law.

The appellants have no lien on the property in controversy; neither are they entitled to the possession of the same. Their only remedy is the same against administrators which is prescribed by law for creditors whose claims are unsecured by any liens.

Judgment affirmed.