### In re WILKES.

#### (District Court, E. D. Arkansas, E. D. February 4, 1902.)

PERSONAL PROPERTY—PURCHASE MONEY—STATUTORY REMEDY—BANKRUPTCY—EVIDENCE OF LIEN—EFFECT.

    Sand. & H. Dig. Ark. § 4727, provides that property shall not be exempt from claims for the purchase money thereof. Section 4728 provides that in an action for such purchase money the plaintiff may have an order directing the sheriff to take the property, and hold it subject to the court's order. Section 4729 provides that defendant may give a bond for the retention of the property. *Held*, that these sections did not vest in the seller of personalty a lien arising at the time of the sale, and protected

under Bankr. Act, § 67, subd. "d," providing that liens given or accepted in good faith, etc., shall not be affected by the act, but that they merely confer the right to gain a lien by attachment, which lien was within Bankr. Act, § 67, subd. "f," providing that all attachments or other liens obtained through legal proceedings within four months of the filing of a bankruptcy petition shall be void.

In Bankruptcy.

On December 10, 1901, the Southern Pants Manufacturing Company, hereinafter referred to as the "Manufacturing Company," a creditor of the above-named bankrupt, instituted an action against the bankrupt before a justice of the peace for the recovery of money due for the purchase money of certain merchandise sold to the bankrupt, and at the same time also filed, under the statutes of Arkansas, an affidavit for the seizure of the goods in the possession of the vendee. A summons and order for the seizure of the goods were issued by the justice of the peace, and placed in the hands of the constable, who duly executed the same by seizing the goods. On the same day, after the seizure, the bankrupt filed a voluntary petition in bankruptcy in this court, and was duly adjudicated a bankrupt. The referee issued an order restraining the manufacturing company from in any way interfering with these goods until a hearing was had, which order was duly obeyed. On January 25, 1902, the manufacturing company filed with the referee its petition, setting up the foregoing facts, and praying for an order setting aside the restraining order theretofore made, and that it be permitted to have the goods seized sold by the constable to satisfy its claim. The referee denied the petition, whereupon, upon motion of the manufacturing company, the matter was certified to the court for review. The statutes of Arkansas under which the manufacturing company claims are as follows:

"Sec. 4727. In any action brought in the courts of this state for the recovery of money contracted for property in possession of the vendee, it shall not be lawful to include said property in any schedule intended to protect said property, or exempt it from seizure on attachment or sale on execution or other process issued from any court for the collection of any debt upon the claim of the plaintiff.

"Sec. 4728. In any such action the court or clerk shall issue, on petition of the plaintiff, duly verified, describing the property and stating its value, at or after the commencement of said action, an order, which may be embodied in the original summons, stating the name of the court and the style of the action, and directing the sheriff or other officer to take the property described in the petition, and hold the same subject to the orders of the court.

"Sec. 4729. The defendant may give bond for the retention of the property, as in cases of orders of delivery of personal property."

R. W. Nichols, for Manufacturing Co.

TRIEBER, District Judge (after stating the facts as above). In Re Durham (D. C.) 104 Fed. 231, 4 Am. Bankr. R. 760, this court had occasion to pass upon one phase of this statute, but the question there involved was whether the property thus seized could be claimed exempt under the bankrupt law as against the vendor. In the case at bar the contest is between the trustee in bankruptcy, representing all the creditors, and the vendor. The only ground upon which the manufacturing company bases its claim is that it has a vendor's lien on the goods, which was inchoate until the seizure was made by the officer, whereupon it became a perfected lien, protected by section 67, subd. "d," of the bankruptcy act. The construction given this statute by the supreme court of the state will not sustain this contention. In Bridgeford v. Adams, 45 Ark. 136,

the court expressly held that this act does not give the vendor a lien on the property for the purchase price, but only provides that the property shall not be exempt from the vendor's execution for the debt, and enables the plaintiff in a suit for the purchase money to seize it at once pendente lite to prevent a disposition thereof, if under the control or possession of the vendee. Mr. Justice Eakin, speaking for the court, says:

"It is a statutory process for impounding the chattel pendente lite, and does not imply that the lien exists independently of the process. It is analogous to a specific attachment, which is sometimes given in cases where a previous lien did exist, but the previous lien is in no view essential to support it." 45 Ark. 142.

The court further held that an assignee in insolvency, though not an innocent purchaser for value so as to hold against an equity of a third party, which is in the nature of a lien upon the property itself, takes the property absolutely as against the vendor under this statute. 45 Ark. 143.

In Fox v. Industrial Co., 52 Ark. 450, 12 S. W. 875, the question before the court was whether the vendor's privilege under this statute takes precedence of the rights of a prior attaching creditor, and the court held that, although an attaching creditor is not a purchaser for value, it did not, and that "it is the settled construction of this statute that it was not intended to give the vendor of personal property a lien upon the property sold, but only a remedy for impounding it to prevent the vendee from putting it beyond his reach, pendente lite." 52 Ark. 452, 12 S. W. 875. To the same effect is Shoe Co. v. Block, 52 Ark. 458-467, 12 S. W. 1073. In Blass v. Hood, 57 Ark. 13, 20 S. W. 544, it was held that the privilege granted by this statute cannot be exercised after the vendee dies, although the assets of the deceased are a trust fund in the hands of the administrator, subject to any liens or charges thereon. The ground upon which the court based its opinion was "that the vendor has no lien under the statute on the property." 57 Ark. 15, 20 S. W. 544. The statute being analogous to an attachment, it is, like an attachment, "but a preliminary execution." Grubbs v. Ellyson, 23 Ark. 287; Beard v. Wilson, 52 Ark. 290, 12 S. W. 567.

As the bankrupt act specifically declares that "all levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to a filing of a petition in bankruptcy against him should be deemed null and void" (section 67, subd. "f"), and the manufacturing company in this case exercised the privilege granted it by the statute on the day of the adjudication of the bankrupt, it necessarily follows that the seizure in this case is null and void, and the conclusion of the referee in bankruptcy is correct, and should be affirmed. Were this a contest between the bankrupt, who claimed the property as exempt, and the manufacturing company, the rule would be different, and should be governed by that laid down by this court in Re Durham, supra, but such is not the case.

It is therefore ordered by the court that the judgment of the referee is affirmed in all things.