ROACH v. JOHNSON.

Opinion delivered April 25, 1903.

SALE—BURDEN OF PROOF—PAYMENT.—An instruction to the effect that one who purchases personal property, although in good faith, has the burden of showing that his vendor has paid for them is erroneous.

Appeal from Polk Circuit Court.

J. S. LAKE, Special Judge.

Reversed.

*Hal L. Norwood* and *E. B. Kinsworthy,* for appellant.

The court erred in giving the second instruction for appellee. Tied. Sales § 329; 116 U. S. 610. It was also error to give the third instruction for appellee. 27 Ill. App. 573; 52 Ark. 458; 5 L. R. A. 693; 102 N. Y. 69; 59 Mich. 180; 50 L. R. A. 714; 59 Md. 427.

*F. A. Youmans,* for appellees.

An exception to instructions in gross is not good if any one of the instructions is good. 28 Ark. 8; 32 Ark. 223; 39 Ark. 337; 50 Ark. 348; 54 Ark. 16; 59 Ark. 312; *Ib.* 370; 60 Ark. 250; 57 Ark. 153; 24 Ark. 224. If the instruction as to payment for the goods tended to mislead, motion to make it more specific should have been interposed below. 56 Ark. 602; 50 Ark. 613.

BATTLE, J. N. M. Roach brought an action of replevin, in the Polk circuit court, against R. W. Johnson for the possession of a certain stock of goods, merchandise, and fixtures, of the value of $1,200. She, the plaintiff, alleged in her complaint that she was the owner and entitled to the possession of the stock; that the defendant was the sheriff of Polk county, and as such sheriff had taken possession of the stock without right, and detained the same under an order issued by the clerk of the Polk circuit court in a certain action wherein S. H. Garrett is plaintiff and G. W. Knowlton is defendant.

The plaintiff executed bond, and sued out a writ, directed to the coroner or any constable of Polk county, and commanding him to take the stock from the possession of the defendant and deliver it to the plaintiff, which was done.

The defendant answered, and admitted that he, as sheriff, levied upon the stock sued for, but denied that plaintiff was the owner of it, or entitled to its possession; and averred that he took the stock from George W. Knowlton, who had purchased it from S. H. Garrett, and did so under an order of the Polk circuit court, which was issued in favor of Garrett in a certain action in which Garrett was plaintiff and Knowlton was defendant, the object of which was to recover the purchase price of the stock and to foreclose a vendor's lien thereon.

Garrett filed a motion, in which he asked to be made a defendant, and stated that, in the month of May, 1900, he sold to Knowlton the stock sued for; that Knowlton failed and refused to pay for it; that he brought an action to recover the purchase price, and caused an order of possession to be issued for the property and to be executed; and that said action was still pending. Garrett was made a defendant.

Plaintiff introduced testimony tending to prove that Garrett, on the 29th of May, 1900, sold to Knowlton the stock in controversy; that on the first of June following Knowlton sold one-half thereof to Mrs. Roach, and on the 23d of the same month sold to her the other half; that Knowlton had paid Garrett for the stock;

and that she, Roach, had taken possession of the stock under her purchase before the order in the case of Garrett against Knowlton was issued.

Defendant then introduced testimony tending to prove that Knowlton owed to Garrett the sum of $794.58 on the purchase price of the stock; that the alleged purchase by plaintiff from Knowlton was a scheme to defraud Garrett out of the money due him, and not a *bona fide* purchase; and that the order was delivered to the sheriff before plaintiff took possession.

The court, over the objections of the plaintiff, instructed the jury as follows:

"2.   The plaintiff in this case has the burden upon her of proving payment for the goods.

"3.   The court instructs the jury as a matter of law that fraud vitiates every contract from the beginning; and, if the jury believe from the evidence that Knowlton practiced a fraud upon Garrett, and that the manager of plaintiff herein was a party to the transaction, and had direct notice of said fraud, and that he participated therein, then their verdict should be for the defendant."

Garrett recovered judgment, and Roach appealed.

The rights of the parties in this action are dependent upon sections 4727 and 4728 of Sandels & Hill's Digest, which provide that, in an action to collect a debt contracted by the sale of personal property, the plaintiff may obtain an order directing the sheriff or other officer to take the property in the possession of the vendee, and hold it subject to the orders of the court. These sections have heretofore been considered and construed by this court. According to their settled construction, no lien is given to the vendor of personal property upon the property sold; only a remedy for impounding it to prevent the vendee from putting it beyond his reach *pendente lite;* and they expressly apply only to property remaining in the possession of the vendee, and can not and do not "imply a right on the part of the plaintiff (vendor) to follow the property in the hands of one who in good faith has acquired from the vendee the possession and ownership." *Fox* v. *Arkansas Industrial Co.,* 52 Ark. 450, 452; *Bridgeford* v. *Adams,* 45 Ark. 136, 142; *Swanger* v. *Goodwin,* 49 Ark. 287, 290; *Blass* v. *Hood,* 57 Ark. 13, 14.

Garrett, then, had no lien on the property in controversy before suing out the order for possession. Until then Mrs. Roach

could have in good faith acquired the title to and possession of it free from any lien for the purchase money that Knowlton owed to Garrett. The instruction in which the court told the jury that "the plaintiff in this case (Mrs. Roach) has the burden upon her of proving payment for the goods" seems to imply that she could not acquire the title free from such liens. It at least was calculated to make that impression upon the minds of the jury, was prejudicial to appellant, and should not have been given.

Appellant says that the other instruction objected to should not have been given because, in bringing the suit against Knowlton for the unpaid purchase money, Garrett admitted that the sale to him (Knowlton) was valid, and waived the fraud in it, if any. But it has no reference to such a fraud. Garrett did and does not complain of any fraud in the sale to Knowlton. He insists that the evidence shows that the sale to Mrs. Roach was fraudulent, and was a part of a scheme of Knowlton and Roach to defeat him in the collection of the unpaid purchase money due on the first sale. This is the fraud referred to. The instruction, however, is vague, and should have been made more definite and certain.

Reversed and remanded for new trial.