specific performance and an injunction. The defendant Shipman herein, according to the bill of complaint, seems to have been employed upon a quantum meruit, and the defendant Shipman urges that the arrangement set forth would be a practical mortgage in perpetuity of his labor and talents. The fact that the defendant Shipman terminated the employment and left the service of the complainant seems to answer this objection; and there does not seem to be any reason for distinguishing this case from those in which a workman has been hired, in consideration of his employment at a stated salary, to work upon inventions or machines which are in process of improvement, and to assign any patentable improvements that he may make. Thibodeau v. Hildreth, 124 Fed. 892, 60 C. C. A. 78, 63 L. R. A. 480, Mississippi Glass Co. v. Franzen, 143 Fed. 501, 74 C. C. A. 135, and Hulse v. Bonsack Machine Co., 65 Fed. 864, 13 C. C. A. 180, do not seem to be materially different in principle.

As to the further ground, that the Automatic Fire Protection Company is a purchaser for value without notice of the equitable claims to the patent rights, that a court of equity cannot interfere with these rights, and that no relief can be given in relation to disclosures by Thompson to Shipman, which had been merged in a patent granted to Shipman, it would appear that the complaint alleges sufficient to raise the issue, and that this question should be disposed of upon the merits at final hearing.

The other objection, that there is no direct allegation that the patent obtained by Shipman was connected with the subject-matter of the contract between Thompson and Shipman, does not seem to be well founded. No other inference can be drawn from the allegations of the complaint, and, if this theory is not the basis of the action, the final hearing may be fatal to the complainant.

It is considered, therefore, that the bill of complaint is sufficient for the purposes of the action, subject to any motions which the defendants may be advised to make with reference to making the bill of complaint more definite and certain, if defendants need further information.

The demurrer will be overruled, with leave to defendants to answer over.

---

### In re SORG.

(District Court, W. D. Pennsylvania. August 2, 1907.)

(No. 3,293.)

1. BANKRUPTCY—GARNISHMENT OF TRUSTEE—PROCEEDS OF EXEMPT PROPERTY.
   An attachment execution issued on a judgment on a note waiving exemptions and served on the debtor's trustee in bankruptcy, who holds proceeds of exempt property sold, is invalid and ineffective to create any lien or claim upon the fund, which is in custodia legis, and not subject to attachment.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 677.]

2. SAME—EXEMPTION—ADMINISTRATION OF EXEMPT PROPERTY.
   A court of bankruptcy has no jurisdiction to administer property set aside to a bankrupt under his claim for exemption.

In Bankruptcy. On certificate from referee.

George C. Lewis, for bankrupt.

R. B. Petty, for claimant George Altmeyer.

EWING, District Judge. The question certified by the referee is whether the bankrupt is entitled to his exemption claimed, or whether the same should be distributed to George Altmeyer, claiming the sum due by virtue of writs of execution issued upon a certain judgment in favor of Altmeyer waiving the benefit of the exemption law. A creditors' petition was filed against Sorg on the 31st of July, 1906, and on the same day James F. Richards was appointed receiver, and on his petition setting forth, inter alia, that George Altmeyer had issued execution against the said Albert M. Sorg, at No. 170, August term, 1906, on a judgment confessed July 26, 1906, a restraining order was issued and the property levied upon taken possession of by the receiver and subsequently sold. Sorg was adjudicated a bankrupt October 10, 1906, and in his schedules filed October 30th he claimed $300 exemption out of the funds arising from the sale of his estate by the receiver on August 15th preceding. Subsequently Altmeyer issued an attachment execution, and served the same on Richards, who had then been elected trustee of the estate as garnishee, claiming to attach this exemption fund in his hands, and he now seeks by virtue of his judgment and levy and said attachment execution to have the trustee pay to him the $300 exemption claimed by the bankrupt, instead of delivering the same to the bankrupt.

The judgment and levy made prior to the filing of the petition in this case were avoided by section 67f of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3450]). In re Richards, 3 Am. Bankr. Rep. 145, 96 Fed. 935; In re Wilkes, 7 Am. Bankr. Rep. 574, 112 Fed. 975; In re Tome, 8 Am. Bankr. Rep. 285, 115 Fed. 906. And the attachment execution served on the trustee subsequently is invalid and ineffective, because the fund was then in custodia legis. In re Renda, 17 Am. Bankr. Rep. 521, 149 Fed. 614. Moreover, the bankrupt court has no jurisdiction to administer property set aside to the bankrupt under his claim for exemption. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061.

The referee was of opinion that the bankrupt was entitled to his exemption, and awarded the same to him; and his action therein is affirmed.

---

## In re GEMMELL.

(District Court, W. D. Pennsylvania. August 2, 1907.)

No. 3,204.

BANKRUPTCY—EXEMPTIONS—WEARING APPAREL.

A diamond ring, worth several hundred dollars, and worn by a bankrupt himself, is not exempt under a state statute as "wearing apparel."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 659.]

In Bankruptcy. On exceptions to report of referee.