## SOUTHERN LUMBER COMPANY *v.* COLVIN.

### Opinion delivered June 17, 1912.

1.  REPLEVIN—VERDICT—RESPONSIVENESS TO ISSUES.—Plaintiff sold lumber on credit to D.   P. brought an action to enforce a laborer's lien on the lumber, and procured it to be levied upon under a specific attachment; plaintiff thereafter brought replevin to recover the lumber from the sheriff, and P. was made a defendant; the jury returned a verdict in favor of P. for $60.   *Held* that the verdict was not responsive to the issues, which was as to the right of possession of the lumber.   (Page 132.)

2.  SALES OF CHATTEL—RIGHT OF VENDOR TO RETAKE.—The claim of a vendor of a chattel for the balance of the purchase price does not constitute a lien on the chattel, so as to give him a right to retake it or to assert a priority over the claims of third persons. (Page 132.)

Appeal from Bradley Circuit Court; *J. E. Bradley*, Special Judge; reversed.

*Fred L. Purcell* and *B. L. Herring*, for appellant.

1.   One who performs work and labor on the property of another without a contract has no lien; mere trespassers can have no lien.   71 Ark. 334-7.

2.   In a cash sale no title passes until the cash is paid. 23 Oh. St. 311; 176 Mass. 158.   The whole price must be be tendered.   40 Kan. 372.   No title passed.

3.   Where an owner's goods have been wrongfully mixed and confused with another's so that they can not be identified, the owner may take the whole mixture.   19 Wis. 126; 88 Am. Dec. 675; 70 Ark. 99, 104.   Timber cut from another's land and made into lumber may be recovered in its new form. 44 Ark. 210.

*E. E. Williams*, for appellees.

1.   To constitute a valid sale, there must be (1) parties competent to contract; (2) mutual consent; (3) a thing, the absolute or general property in which a transfer from the seller

to the buyer; and a price paid or promised. 68 Ark. 190; 21 Am. St. 868. Under this definition there was a sale, whether all the cash was paid or not.

2. The verdict was not in the alternative as required by law. Kirby's Dig., § 6869.

McCULLOCH, C. J. This is an action of replevin instituted by the plaintiff, Southern Lumber Company, against the defendant, G. B. Colvin, sheriff of Bradley County, to recover possession of about 25,000 feet of lumber which the sheriff held under a specific attachment directed to him in an action instituted by one Pfouts against P. S. Donnelly. The plaintiff gave bond as required under statute, and the property was delivered to it. There is little, if any, conflict in the testimony, and for the purpose of this decision the material facts may be treated as undisputed. The plaintiff purchased from one Harcrow the timber on a certain tract of land, and a written contract was executed covering the sale, whereby the plaintiff was given a certain number of years within which to cut and remove the timber. Before the expiration of the time allowed under the contract, Harcrow made a sale of the timber to Donnelly, and the latter cut and removed it from the land, hauled it to his mill, and sawed it into lumber. After discovery of the second sale, the plaintiff made demand on Donnelly for the lumber, and, after some negotiations, they agreed upon a sale of the lumber to Donnelly for the sum of $550, of which $300 was paid to the plaintiff in cash, and Donnelly gave the plaintiff a check for the remaining sum of $250, with the understanding that it was not to be presented for five or six days, in order to give him time to ship some lumber and deposit the money to meet the payment of the check. In the meantime Pfouts instituted an action against Donnelly to enforce a lien on the lumber which he asserted as a laborer by reason of having assisted in the manufacture of the lumber. Donnelly failed to pay the check, and the plaimtiff demanded a return of the lumber, which Donnelly agreed to. Upon the refusal of the sheriff to surrender the lumber, this action was instituted, and Pfouts was made defendant with the sheriff.

The jury returned a verdict in the following form: "We, the jury, find for the defendant in the sum of $60." Where-

upon the court rendered a judgment in favor of Pfouts against the plaintiff in the sum of $60. Each party filed a motion for a new trial, which motions were overruled, and both parties have appealed.

The verdict was not responsive to the issues, and should not have been accepted. The issue in the case was whether or not the plaintiff was entitled to the possession of the lumber in controversy. If it was the property of the plaintiff, no lien could be fixed upon it without plaintiff's consent, and the latter was entitled to recover the lumber free from any asserted lien. If, on the other hand, the plaintiff was not the owner of the lumber, then the verdict should have been in favor of the defendants. According to the undisputed testimony, the plaintiff had parted with its title to the lumber by the sale to Donnelly, and the latter could not dispute the validity of the lien for labor performed by Pfouts in manufacturing the lumber. The sale was not for cash as claimed by counsel for plaintiff, but it was in part a credit sale. Three hundred dollars were paid in cash, and credit was given for the balance. Failure to pay the balance of the purchase price did not, under the facts of this case, give the plaintiff the right to rescind the sale and retake the lumber. There is no evidence of fraud or misrepresentation on the part of the purchaser, Donnelly, in obtaining credit for part of the purchase price, and, in the absence of such proof, the failure to pay the deferred installment according to promise afforded no ground for rescinding the sale. The plaintiff's claim for balance of purchase price did not constitute a lien on the lumber so as to give him the right to retake it or to assert a priority over the claims of third persons. *Fox* v. *Arkansas Industrial Co.*, 52 Ark. 450; *Bryan-Brown Shoe Co.* v. *Block*, 52 Ark. 458.

Under the proof, the verdict of the jury should have been in favor of the defendant for the retention of the property in controversy. Therefore the judgment is reversed on the appeal of the defendants, and the cause is remanded for a new trial.