WOODWARD & PERKINS v. MERRITT BARNES.

*Husband and Wife. Agency. "Necessaries." Ratification. Admission. Evidence.*

The husband has the exclusive right, if he sees fit to exercise it, of supplying to his family what, in law, is usually denominated "necessaries." He may therefore withdraw the agency which the law presumptively gives to the wife to purchase the same on his account.

Where a party has been forbidden by the husband to deliver to his wife and children goods on his credit, in order to recover for goods sold and delivered in violation of such prohibition, he must show affirmatively that the articles were suitable to the husband's circumstances in life, and were needed for the then present use, and that the husband had so neglected his duty to furnish the same that it was *necessary* for the wife and children to apply to some one standing in like relations to the husband with himself, and for some such one to furnish them in order to supply the then wants of the wife and children.

The plaintiff having proved that the articles delivered to the wife in violation of the prohibition were suitable to the defendant husband's condition and use, but having failed to show any dereliction of the husband in furnishing his family with such articles, the county court properly directed a verdict for the defendant.

If the defendant had allowed the goods to be brought to his house and used for his family, knowing they were purchased of the plaintiff on credit, this would have amounted to such ratification as would have rendered him chargeable; but it was *held* that the circumstances of this case did not tend to show a ratification.

The fact that the defendant admitted that he authorized a purchase of one of the items of the plaintiff's account, which was an item of crockery purchased by his daughter for her own use, saying at the same time that he knew nothing of the other items, did not tend to show an authorization to his family to purchase the other items on his credit.

The remark of the de endant's wife when she purchased the goods, that " they were needed and were necessaries," offered in evidence by the plaintiff as tending to show that the defendant neglected to furnish his family with " necessaries," *held* inadmissible.

ASSUMPSIT in the common counts. Plea, the general issue, and trial by jury, April term, 1870, WILSON, J., presiding.

Before the trial commenced, the defendant obtained leave of court to pay and did pay into court $65 for the item of crockery mentioned in the plaintiff's specification, and for costs which had accrued in the suit up to the time of paying the money into court. The item of five dollars cash, charged in said specification, it appeared was money lent to defendant's wife previous to a former settlement, and accidentally omitted in that settlement; but it being conceded by the plaintiffs that they did not call the defendant's attention to that item at the time of the former settlement, or at any time before bringing this suit, the court ruled that it could not be made a ground of recovery in this action unless by consent of defendant, to which no exception was taken. It appeared that all of the other items in the plaintiff's specification, except some shingles, were delivered to defendant's wife or children. It was conceded by the plaintiffs that the defendant had paid for all the goods in said specification which were delivered to him in person.

After all the account accrued, the plaintiffs called on defendant for payment for the articles delivered to his wife and children, and the defendant refused to pay for the same, except the bill of crockery, in relation to which the defendant told the plaintiffs that he told his daughter he would get some crockery for her; that he understood she had purchased some crockery of plaintiffs, and the defendant agreed to pay for it. The defendant's daughter purchased said bill of crockery for herself, and not for the use of the defendant's family, which fact was known to the plaintiffs.

The dispute on trial was in regard to the other articles delivered to defendant's wife and children. The plaintiffs claimed that the articles so delivered were necessaries, and needed by the defendant's family, and on this ground they claimed the defendant was liable notwithstanding they had previously had notice and promised the defendant that they would not deliver any more goods to his wife or children.

The plaintiff (John A. Perkins) testified as follows: "The defendant traded with us before this account commenced. Most of the articles in the former account were delivered to the defendant's wife and children and the defendant paid the same. At the time of the settlement of the former account the defendant told us not to let his wife or children have any more goods on his account, that he was not going to have any more goods charged to him. He said at the time he settled the former account that considerable part of it he did not know about, that he did not know his family had made the former account, but he settled it and then told us not to trust his wife or children any more. I think we promised the defendant at that time that we would not deliver any more goods to his wife or children on his account on credit. The defendant was at our store frequently during the time this account was accruing, but I did not *tell* him we were delivering any goods to his wife or children, or that his wife or children had purchased any of said articles, or that they were trading with us, and he said nothing in relation to the matter. I knew that defendant's family went from store to store and got goods. I never knew them to get anything they did not need, never saw any costly clothing on them. I saw them at church, they were plainly clothed. The defendant was worth at least $7000. I don't know where the defendant purchased his goods for family use. He usually paid money for goods. I have seen his family at other stores buying goods, but don't know whether they paid for them or not."

The plaintiffs introduced some other evidence tending to show in what manner the defendant supported his family, and tending somewhat to show that he did not provide for them as well as some families were provided for.

The plaintiffs then rested, and no testimony was introduced by the defendant.

It appeared that the defendant lived with and provided for his family during the whole period within which said account accrued. There was no evidence in the case tending to show that any of said articles delivered to defendant's wife or children was carried to defendant's house or used in or by defendant's family to the knowledge of the defendant. There was no evidence in the case tending to show that the defendant knew, until after said account accrued, that the plaintiffs had delivered any of said goods to defendant's wife or children.

It was not claimed by the plaintiffs that the defendant had given

his wife or children any express authority to make said purchases, but they claimed that such authority was implied from the circumstances.

The defendant claimed among other things that he had the right to trade where he could buy goods to the best advantage and to buy them himself; that he had supplied from time to time his family with such goods as they needed, and that the plaintiff had no right under the circumstances to dictate in relation to the support of his family, or to recover for goods delivered to his wife or children in violation of his express prohibition.

The plaintiffs insisted that upon the facts the defendant was liable for all the goods so delivered to defendant's wife and children, deducting credits, but the court ruled otherwise and decided that the testimony did not tend to show any such neglect on the part of the defendant to provide for his family as would give the plaintiffs the right to recover for goods delivered to defendant's wife or children after defendant had notified the plaintiffs not to deliver any goods to them and the plaintiffs had promised they would deliver no goods to defendant's family on credit. And the court decided that the plaintiffs were entitled to a verdict for said crockery bill and interest, and so ordered a verdict. To which the plaintiffs excepted.

The plaintiffs' counsel then claimed a right to enter a non-suit, but the court decided they could not as matter of right enter a non-suit under the circumstances. To which plaintiffs excepted.

The plaintiffs' counsel then claimed a right to go to the jury on the question whether the defendant, by offering to pay for the crockery bill, had ratified that part of the account which accrued subsequent to the date of the crockery bill; but the court decided that there was no evidence tending to show a ratification of any of said account except said bill of crockery. To which the plaintiffs excepted.

Verdict for plaintiffs for amount of said crockery bill and interest and costs.

*W. D. Wilson*, for the plaintiffs.

*M. B. Tyler*, for the defendant.

The opinion of the court was delivered by

Ross, J. The defendant, Feb. 6, 1867, forbade the plaintiffs further to deliver goods to his wife and children on his credit, saying that he wanted no more account with them. This he had the right to do. He had the right to withdraw the agency, which the law presumptively gives to the wife to make, for him, on his credit, such purchases as are usually made by wives for use in the family. He had the right to make all such purchases himself. If he allowed his wife, generally, to exercise the usual agency of purchasing on his credit, he had the right to restrict the plaintiffs from treating her as clothed with this general power. Such restriction terminated their right to deal with · defendant's wife as clothed with a presumptive agency arising from the fact that he was her husband cohabiting with her, and allowing her to make such purchases. Thereafter they had the right to deal with her, only as his agent, *ex necessitate,* flowing from the duty, which the law casts upon the husband, to furnish his wife and family such articles as are in law denominated "necessaries." That articles furnished the wife and family may, in the legal sense, become "necessaries," something more must be shown than that the articles are, at the time of the purchase, needed for the reasonable clothing, sustenance and comfort of the wife and family according to the husband's condition and position in life. Every large family like the defendant's needs for use all the articles named in plaintiffs' specifications, and would not be likely to purchase them long before they desired to use them. If this be all that it is incumbent on a party to show, in order to charge a husband with necessaries furnished to his wife and children against his will, or without his actual or presumed assent, it is difficult to see how he can exercise any control over his wife and children in their purchases of such articles, or any restrictions upon others in furnishing them. All elementary writers recognize his right to furnish such articles himself, and also his right to supply them by furnishing money or credit to his wife and children for that purpose. So long as he reasonably discharges this duty in either of the ways mentioned, no one has the right to step in and discharge it for him, or to treat his wife and children as his accred-

ited agents for that purpose. Whenever, therefore, a party, who has been forbidden to discharge this duty of the husband, undertakes to do it for him, he does so at his peril, and with the burden of showing, not only that the articles furnished are needed for present use in his family for their reasonable clothing, sustenance and comfort according to his rank and condition in life, but also that the husband has so far neglected his duty in this respect, that unless he, or some other one sustaining like relations to the husband with himself, does furnish them, the wife and children cannot reasonably be supplied with them and must suffer for the want thereof. In other words, the party furnishing them must show affirmatively that the articles are suitable to the husband's circumstances in life and needed for present use, and that the husband has so neglected his duty in this respect that it is *necessary* for the wife and children to apply to some one standing in like relations to the husband with himself and for some such one to furnish them in order to supply the then wants of the wife and children. The articles must not only be suitable and needed, but the use of the wife and children as his agents, with the particular party, for furnishing them, must have become a *necessity*. Such needful and suitable articles, furnished the wife and children under such circumstances, are, in law, " *necessaries*."

The mutual relation only clothes the wife with the power, in the name of, and on the credit of the husband, to supply herself and children with " necessaries " in this sense. The husband, by prohibition, cannot divest the wife of this power. The county court took the case from the jury and directed a verdict for defendant in reference to the purchases made by the wife, for herself and family, after the defendant had forbidden the plaintiffs to make such sales to his wife on his credit. We find no error in this ruling. We think the plaintiffs' evidence fell short of tending to show a case against the defendant within the law. The most that evidence tended to show was that the articles delivered the wife and children were, in kind, what would be denominated necessaries, and were apparently needed for use at the time they were purchased, and that the plaintiffs were prohibited to furnish them on the defendant's credit. One of the plaintiffs admitted

that he frequently saw defendant's wife and children trading at the other stores, but whether on his credit or not he did not know. No testimony was introduced tending to show that defendant had restricted his wife from making such purchases on his credit with any others than the plaintiffs, or that he did not furnish the wife money to make such purchases, further than the fact that she made these purchases on credit.

Neither do we find any evidence tending to show that the defendant ever ratified the unauthorized acts of his wife and children in making these purchases. Nothing is shown as to what became of the goods after they were delivered to the wife and children. None of the articles are traced to the defendant's house, or shown to have been used in the defendant's family. We think if the plaintiffs would charge the defendant by reason of his having ratified these unauthorized purchases, they should have shown that the goods went to defendant's use, with the knowledge that they were procured of the plaintiffs on his credit. If the plaintiffs had shown the defendant allowed the goods to be brought to his house and used in his family, knowing they were purchased of the plaintiffs on credit, this would have amounted to such a ratification as would have rendered the defendant chargeable. The plaintiffs seem carefully to have avoided communicating any knowledge of these charges to the defendant. They promised him at the time of the prohibition that they would not again charge him for goods delivered his wife and children, and then within a month or two commenced this account, and continued to make charges to him for about two years and a half, and never notified the defendant that they were delivering goods to his wife and children on his credit, though they frequently saw him in their store.

Among the charges was one for a bill of crockery purchased by defendant's daughter for her own use. After the entire account had accrued, the plaintiffs called upon defendant for pay. He offered to pay for the crockery, admitting that he authorized that purchase, but knew nothing of the others. The plaintiffs claimed that this was such an acknowledgment of the right of his family to purchase of plaintiffs on credit that they had the right to

go to the jury with the question, whether he authorized the other purchases contained in the plaintiffs' bill. If the plaintiffs would avail themselves of that admission, they must take it with the limitation the defendant put to it. While his admission that he authorized that one purchase would not tend to show that he authorized the others, his denial of having authorized the other purchases must be taken as a part of what he said on that occasion, and clearly excludes any tendency to show authority to make the purchases. The plaintiffs offered to show that the wife when making the purchases said "the goods were needed and were necessaries." This evidence was claimed to be admissible to show defendant's neglect to furnish his family with necessaries. It is not claimed that the wife could have been a witness against the husband on the trial for this purpose. If the wife, when under oath, could not testify on this point, evidently her sayings made when she was not under oath, though at the time of making the purchases, are inadmissible. The plaintiffs have cited authorities showing that the admissions of the wife bind the husband when she acts as his accredited agent. The very question at issue here was whether the plaintiffs showed such a state of facts that the wife could act as defendant's agent from *necessity*, and to allow her admissions to bind him would be to assume the question in issue to have been proved. We find no error in the rulings of the county court.

The judgment is affirmed.