HALPERN *v.* CLARENDON HARDWOOD LUMBER COMPANY.

Opinion delivered May 15, 1897.

INSOLVENT CORPORATION—RIGHT TO APPEAL FROM ORDER DISTRIBUTING FUNDS.—A general creditor of an insolvent corporation, for which a receiver has been appointed, may, after such receiver has been discharged, appeal from an order of distribution giving priority to the claims of other creditors. (Page 135.)

APPEAL—NONJOINDER OF PARTIES—WAIVER.—The objection that an appeal has been taken by one only of several parties entitled thereto will be treated as waived where no motion was made by appellee to dismiss the appeal for failure to join such parties therein, as provided by the statute (Sand. & H. Dig., § 1031). (Page 135.)

INSOLVENT CORPORATION—INFORCEMENT OF VENDOR'S LIEN.—After the property of an insolvent corporation has been placed in the hands of a receiver by a valid order of the chancery court, it is too late for a vendor who sold personal property to such corporation to obtain a specific attachment to enforce payment of the purchase money, under Sand. & H. Dig., § 4728. (Page 135.)

Appeal from Monroe Circuit Court in Chancery.

JAMES S. THOMAS, Judge.

STATEMENT BY THE COURT.

Isaac Halpern, a creditor of the Clarendon Hardwood Lumber Company, an insolvent corporation, brought this suit on the chancery side of the Monroe circuit court, to wind up the affairs of said corporation. The court appointed receivers, who, under order of the court, took charge of the assets of the corporation.

After the property was placed in the hands of the receivers, appellee W. W. Carter filed an intervening petition, claiming that he had sold and delivered to the defendant corporation certain logs, for the payment of which said corporation had executed its notes; that the logs were now in the hands of the receivers; that the notes were unpaid; and that, as vendor, he had a lien upon said logs for the purchase price thereof; and praying that he be allowed to enforce his lien. Certain other parties filed like petitions. Upon a hearing of said petition, the court found in favor of the interveners in the sum of $1,755.20, and ordered that the same be a lien on the proceeds of the property of the defendant in the possession of the receivers, to be paid after certain other preferred claims. Afterwards the receivers filed their final report, showing that, after paying costs and other expenses, there remained in their hands a balance of $1,637.28, which they asked permission to pay to the clerk of said circuit court for distribution, and that upon such payment they be discharged. Thereupon the receivers were ordered to pay such balance to the clerk of the court. Having complied with such order, the receivers were discharged, and the clerk was ordered to hold said fund subject to the further orders of the court.

Afterwards the appellant, Isaac Halpern, filed his petition, stating that he had a claim against the defendant lumber company for $8,988.59, which, though allowed, was wholly unpaid; that there were unpaid claims against the defendant company largely in excess of the fund on hand; that the claims of W. W. Carter, Tom Smith, Goldman & Co., and others are claims based upon notes of the company for the purchase of logs and

materials; that his claim against the company is for money loaned and supplies furnished to said company; and he therefore prays that the funds on hand, after the payment of preferred claims, be distributed *pro rata* among all the creditors having unsecured or unpreferred claims against the company.

Afterwards, this petition coming on to be heard, the court found " that the said Goldman & Co. had enforced a vendor's lien upon 106 logs of the value of $183.98, and on a barge of the value of $100, aggregating $283.98, before the property in controversy in this suit went into the hands of the receivers; that the value of the logs belonging to Thomas L. Smith at the time the receivers took charge was $115.54." The court gave judgment as follows: " It is therefore considered, ordered and decreed by the court that the clerk of this court pay out of the funds in his hands the following sums: (1) The laborers as are shown by the report of the receivers as not paid; (2) the above amount of two hundred eighty-three and 98-100 dollars ($283.98) to satisfy the claim of Goldman & Co.; (3) all the costs of this suit; (4) the Carter Bros.' and Thomas L. Smith's claims for logs, as heretofore found and ascertained by the court; and (5) the balance, if any, to be paid *pro rata* among the other creditors of said defendant company."

From this final order for the distribution of the funds arising from the assets of the Clarendon Hardwood Lumber Company, an appeal was taken by Halpern.

*M. J. Manning*, for appellant.

The court erred in allowing the claims of Carter, Smith and Goldman & Co. as preferred claims. They were not entitled to preference. Sand. & H. Dig., §§ 1425–1428.

*H. A. & J. R. Parker*, for Goldman & Co.

Goldman's lien was perfected according to law before this suit. Sand. & H. Dig., §§ 4727–4730.

*Stephens & Trieber*, for W. W. Carter.

The appeal should be dismissed. 10 Wall. 416; 20 *id.* 152; 146 U. S. 179. The receiver has no greater rights than the corporation.

PER CURIAM. We are asked in the argument of appellee to dismiss the appeal in this case for the want of proper parties. At the time the final decree of distribution was made in the cases, the receivers had been discharged. The appellant, Halpern, being a general creditor of the corporation, and the assets insufficient to pay all the creditors, he was directly affected by the decree giving priority to the claims of appellees, and had the right to appeal. It is true that the other general creditors were also affected by this judgment. But no motion was made to dismiss the appeal for failure to join such parties therein, as provided by statute. Sand. & H. Dig., §§ 1031 and 1032. The matter is only referred to in the argument. Under such circumstances, we have the discretion to treat the objection as waived, and have concluded so to do in this case.

After consideration of the case on its merits, we conclude that the judgment of the circuit court, so far it concerns the claim of Goldman & Co., must be affirmed. Goldman & Co. claimed a lien upon certain logs in the possession of the defendant company by virtue of proceedings had and concluded in the common pleas court of Monroe county before the appointment of the receivers herein. The circuit court, upon the hearing below, found that Goldman & Co. " had enforced their lien " before the logs went into the hands of the receivers. Neither the proceedings in the common pleas court, nor the oral evidence introduced before the circuit court, have been preserved in the record. As there is nothing to show to the contrary, we must therefore presume that the finding and judgment of the circuit court upon this matter is correct. But the claims of W. W. Carter and T. L. Smith stand on different grounds. We see from the petitions filed by them that each of them claims a statutory lien as a vendor of logs sold and delivered to the company. The proceedings to enforce their claims were not commenced until after the property passed into the hands of the receiver. But our statute does not create a lien in favor of the vendor of personal property, but only provides a method for impounding the property to prevent the vendor from disposing of it. *Fox* v. *Arkansas Industrial Co.*, 52 Ark. 450, and cases there cited; Sand. & H. Dig., §§ 4727 and 4728. After the property of an insolvent corporation has been placed

in the hands of a receiver by a valid order of the circuit court, it is too late for the vendor, who sold the personal property to such corporation, to obtain a lien or benefit under this statute. When the assets of a corporation are thus seized, the statute (Sand. & H. Dig., § 1426) requires that they shall be distributed "equally among the creditors, after paying the wages and salaries due laborers and employees;" and those creditors who have not already secured valid liens cannot afterwards acquire them.

So much of the decree of the circuit court as gives the claims of W. W. Carter and T. L. Smith priority over the claims of petitioner Halpern and other creditors is therefore reversed, and the case remanded for further proceedings.