NEAL *v.* CONE.

Opinion delivered July 8, 1905.

1. SALE OF CHATTEL—SPECIFIC ATTACHMENT.—The statutory remedy authorized Kirby's Digest, § § 4966, 4967, in favor of a vendor of chattels, to enforce payment of the purchase money, is not a lien, and cannot be enforced where the property has passed into the hands of purchaser for value, even though they may have had notice before their purchase that the purchase money had not been paid. (Page 275.)

2. SAME—RESERVATION OF TITLE.—An understanding between a vendor and vendee that the former was to have the purchase money before the property was sold is not tantamount to a reservation of title. (Page 276.)

3. SAME—INCONSISTENT CLAIMS.—An action to enforce a specific attachment for the purchase money of chattels proceeds upon the theory that

18

the title passed to the vendee, and is inconsistent with a claim that the title was reserved until the purchase money was paid. (Page 276.)

Appeal from Calhoun Circuit Court.

CHARLES W. SMITH, Judge.

Reversed.

### STATEMENT BY THE COURT.

The appellee filed the following affidavit before J. S. Newton, J. P.:

"The plaintiff, R. H. Cone, states the defendant, Gray Rogerson, by a verbal promise agreed to pay to the plaintiff two cents apiece for all the pipe staves and one cent apiece for all the West India staves he should make on the northeast quarter, northwest quarter, section 32, township 15 south, range 14 west, as the purchase price of the timber used in manufacturing said staves, which the plaintiff sold and delivered to the defendant, which is of the value of $63.66, which staves were sold by the defendant Rogerson to defendant Neal with notice of this lien, and which are now in the possession of said O. F. Neal and in said county. The purchase price of said timber is herewith filed, and plaintiff says that no part of the sum specified therein has been paid, and that he has a lien on said pipe and West India staves to secure the payment of said sum, with interest due thereon. He therefore prays for an order directing the constable to take said staves and hold them subject to the order of this court, and for judgment for the amount due on said account.

R. H. CONE.

"Subscribed and sworn to before me October 28, 1898.

"J. S. NEWTON, J. P."

On the return day of the writ there was a trial and judgment in favor of Cone for $5, and a lien declared on the staves. From this judgment Neal appealed to the circuit court.

In the circuit court the record shows that issue was joined "upon the affidavit of plaintiff and the answer of the defendant," but the answer does not appear in the record. So we presume that no written answer was filed in the justice's or circuit court. The cause was submitted to the jury upon the evidence and instructions, to which there was no objection, and they returned a verdict

in favor of appellee "for the staves in controversy," and judgment was entered accordingly, from which this appeal is prosecuted.

*Thornton & Thornton,* for appellant.

A vendor's lien can only be enforced while the property is in the hands of the vendee. 43 Ark. 464; 54 Ark. 450; 49 Ark. 290; 45 Ark. 136. Proof without an allegation is as bad as an allegation without proof. 41 Ark. 400. Instructions should not be given unless there is evidence to support them. 24 Ark. 251; 26 Ark. 513; 16 Ark. 629; 5 Ark. 184; 29 Ark. 151; 42 Ark. 57; 54 Ark. 336; 71 Ark. 350.

*C. L. Poole,* for appellee.

Appellee's lien followed the property. Kirby's Dig. § § 4966-7; 43 Ark. 464; 52 Ark. 450. Title in fact did not pass until the staves were paid for. Beach, Mod. Contr. § § 135, 136, 188; 57 Ark. 270; 49 Ark. 160. And a *bona fide* purchaser could acquire no title as against the vendor. 49 Ark. 63; 42 Ark. 473; 62 Ark. 84; 62 Ark. 88; 16 Am. & Eng. Enc. Law, 828. No proper exceptions were saved to the instructions. 41 Ark. 535; 44 Ark. 527; 62 Ark. 431; 75 Ark. 182. The verdict is supported by the evidence. 84 S. W. 786; 74 Ark. 16.

WOOD, J., (after stating the facts.) The affidavit of the appellee, and his evidence, and that of the only other party to the contract out of which the suit arose, shows that the suit was an effort upon the part of appellee to enforce a specific attachment in favor of the vendor of a lot of staves for the purchase price of the timber that was used in the manufacture of the staves. It appears that appellee asked and was granted on his affidavit an order directing the officer to take the staves designated, which was duly executed, and in this way appellee seeks to establish a vendor's lien upon the staves under sections 4966-67 of Kirby's Digest. This statute only gives the vendor of personal property in an action brought for the recovery of the purchase money the right to seize the property purchased while it is in the possession of the vendee. It does not give him a lien which he can enforce at law by seizing the property after it has passed into the hands of third parties who have purchased the same for value, although such parties may have notice before their purchase that the purchase money has not been paid.

An effort to enforce a specific attachment for the purchase money is inconsistent with a claim of title to the property itself. It is true that appellee testified that it was the understanding between him and the party to whom he sold the timber that he was to have the money for the purchase thereof before the staves were sold. But this was not tantamount to a reservation of title, and all the other evidence shows conclusively that title was not reserved.

But, if title had been reversed, then the action founded upon the affidavit in suit was improper. This action could not be converted from an action to recover purchase money under the statute *supra* into an action of replevin to try the title and right of possession to the property.

The verdict and judgment were not responsive to the pleadings and proof in the case. Reversed and remanded for further proceedings.