OLSON *v.* MOODY, KNIGHT & LEWIS, INC.

Opinion delivered December 18, 1922.

1. EQUITY—JURISDICTION OF LIENS.—The province of equity is to enforce existing liens against property, not to create them.

2. SALES—REMEDY OF VENDOR.—Equity has no jurisdiction to impound personal property in the hands of a vendee until the vendor can obtain a judgment for the purchase money and an execution to satisfy same, as the remedy at law is adequate.

3. SALES—RESERVATION OF TITLE—REMEDIES OF VENDOR.—Reservation of title in personal property until the purchase money is paid does not create an equitable lien in favor of the vendor; his only remedies for breach being either to treat the sale as canceled and bring suit in replevin or to treat the sale as absolute and sue for the purchase money and attach the property, under Crawford & Moses' Dig., §§ 8729, 8730.

4. EQUITY—CROSS-BILL SUPPLYING JURISDICTION.—Lack of jurisdiction in a bill in equity by a vendor to declare a lien for purchase-money on personal property was not cured by a cross-bill alleging defects in the property and various items of expense and damage because of plaintiff's alleged breaches of the contracts; such matters being cognizable at law.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; reversed.

*J. C. Marshall*, for appellant.

The complaint determines the jurisdiction. 87 Ark. 206; 74 Ark. 484; 139 Ark. 90. After delivery of personal property the seller has no lien unless provided for in the contract of sale. 24 R. C. L. 137; 35 Cyc. 486. Under a conditional sale contract, election to sue for the debt makes the sale absolute. 121 Ark. 262; 148 Ark. 151; 117 Ark. 496. The statutory lien may be created and enforced at law, but the statute itself does not create the lien. C. & M. Digest, §§ 8729, 8730; 7 Ark. 253; 39 Ark. 438; 52 Ark. 450; 24 R. C. L. 127; 45 Ark. 136; 49 Ark. 290; 88 Ark. 105; 77 Ark. 14; 99 Ark. 333; 71 Ark. 346; 84 Ark. 132; Pom. Eq. sec. 1235; 130 Ark. 535; 57 Ark. 13; 91 Ark. 218; 47 Ark. 363; 144 Ark. 199. The sale contract must be construed by the *lex loci contractus*. 233 Ark. 691; 214 U. S. 279; 118 U. S. 285.

The conditional sale contract does not give a lien. 233 S. W. 691; 233 S. W. 928; 101 Ark. 469; 33 L. R. A. 854; 26 S. E. (Va.) 390; 53 N. E. (Ill.) 599; 29 Ark. 612; 140 P. 1051; 46 Ark. 96.

*T. N. Robertson,* for appellee.

The title was retained *as security* for the unpaid purchase money. 82 Ark. 9; 24 R. C. L. 770. In such a case equity will declare a lien. 35 Cyc. 696, 708, 665; 25 Cyc. 662; Pom. Eq. vol. 3, sec. 1235; Tiedman on Sales, sec. 221; 97 Ark. 432; Jones, Chattel Mortgages (5th ed.) sec. 58; 118 N. W. (Ia.) 393; 35 S. W. 396; 113 N. Y. S. 916; 70 Miss. 54; 50 Wis. 113; 26 S. W. (Va.) 390; 53 Ark. 37. There is nothing in the statute taking away the inherent jurisdiction of equity. 28 Ark. 19; 80 Ark. 145. The equitable lien exists in a simple sale contract. 46 Ark. 271; 42 Mich. 320; 3 Pom. Sec. 1234. The demurrer and motion was to the complaint as a whole, and properly overruled. 37 Ark. 32; 4 Ark. 76; 72 Ark. 29; 35 Ark. 722; 31 Ark. 301; 31 Cyc. 329; Bliss on Code Pl. § 417; 2 Bush 226; 16 Pick. 512; 90 Ark. 241. If the court had power to give judgment in the cross-action in favor of the appellant, it had power to give judgment against him. 77 Ark. 570; 37 Ark. 164; 37 Ark. 292; 14 Ark. 359.

*J. C. Marshall,* for appellant, in reply.

The sale cannot be absolute and with a lien reserved at the same time. 5 L. R. A. N. S. 475; 149 Ark. 432. Statutes in other States have changed the effect of conditional sale contracts, but there is no such statute in this State. The cross-action was cognizable at law. 22 Ark. 454; 53 Ark. 155; 139 Ark. 90; 78 Ark. 65; 90 Ark. 241.

HUMPHREYS, J. Appellees instituted suit against appellant in the Pulaski County Chancery Court to recover $800, representing the balance of the purchase money due on two Isko electric refrigerators, and $675 representing the purchase money due on an Isko electric refrigerator purchased at a later date, and to have

a lien declared for the separate amounts upon and enforced against the respective machines. It was alleged that the title to the first two machines was retained in the appellees until the payment of the purchase money; that at the time the third machine was sold to appellant he agreed to pay the balance of $800 due on the first two when that machine was installed in appellant's place of business, and on that date to execute his note due September 1, 1921, for the purchase price of the last machine.

Appellees questioned the jurisdiction of the court to try the cause, both by demurrer and motion to transfer the cause to one of the divisions of the circuit court. The court overruled each, over the separate objections and exceptions of appellant.

Appellant then filed an answer and crossbill, which was later amended so as to allege, in substance, a failure to install the machines according to the written contracts, made exhibits to the bill, to the damage of appellant in a large sum, for which he prayed a judgment against appellees, after deducting the balance due on the contract price for the machines.

The cause was heard upon the pleadings and testimony adduced by the respective parties, which resulted in a decree declaring a lien upon the machines for the unpaid purchase money and ordering same sold to satisfy the judgment.

From the decree an appeal has been duly prosecuted to this court.

By an agreement of the parties the transcript does not contain the testimony introduced in the cause, but contains the pleadings and exhibits only, as the sole question which appellant desires to present on appeal is whether the chancery court had jurisdiction to try the cause under the allegations of the bill. We proceed at once to a determination of that question. The purpose of the bill, as gleaned from its allegations and prayer, was to obtain and enforce a lien for purchase money against personal property in the hands of a vendee, a

part of which had been sold and delivered to him un-conditionally and a part upon condition that the title should remain in the vendors until the purchase money was paid. This court has frequently decided that no lien exists in favor of a vendor on personal property in the possession of a vendee in absolute sales for the purchase money thereof; that none existed at the common law after the property passed out of the possession of the vendor (*Burnett* v. *Mason,* 7 Ark. 253; *Ferguson* v. *Hethrington,* 39 Ark. 438; *Fox* v. *Ark. Industrial Company,* 52 Ark. 450); that none was given by sections 8729 and 8730 of Crawford & Moses' Digest; that said sections provided a method for seizing personal property in the possession of a vendee until the vendor could obtain a judgment for the purchase money and order of sale of the property to satisfy same. *Bridgeford* v. *Adams,* 45 Ark. 136; *Swanger* v. *Goodwin,* 49 Ark. 287; *Roach* v. *Johnson,* 71 Ark. 344; *Neal* v. *Cohn,* 76 Ark. 273; *Howell* v. *Crawford,* 77 Ark. 12; *Mattar* v. *Watham,* 99 Ark. 329; *Gordon Hollow Blast Crate Co.* v. *Zearing,* 130 Ark. 535. The province of equity is to enforce existing liens against property, not to create them. No necessity exists in this State for equity to mold a remedy to impound personal property in the hands of a vendee until a vendor can obtain a judgment for unpaid purchase money and an execution to collect same, as the remedy at law is adequate. It is urged by appellee that a reservation of title in personal property until the purchase money is paid necessarily creates an equitable lien in favor of a vendor for the purchase price, enforceable in a court of chancery. This court is committed to the doctrine that a vendor who has retained purchase money has only two remedies for a breach of the contract. He may either treat the sale as canceled and bring suit in replevin for the property, or may treat the sale as absolute and sue for the unpaid purchase money, and, in aid thereof, attach the property, under §§ 8729 and 8730 of Crawford & Moses'

Digest. *Butler* v. *Dodson,* 78 Ark. 569; *Hollenberg Music Co.* v. *Barron,* 100 Ark. 403; *Jones* v. *Bank of Commerce,* 131 Ark. 362. There is no suggestion in any of the Arkansas cases that a third remedy is open to a vendor who has conditionally sold personal property. As stated before, a vendor has an adequate remedy at law, and no necessity exists for equity to mold a remedy to preserve his rights.

Appellees make the further contention that,·if their bill lacks equity for any reason, the defect was cured by the crossbill, which contained allegations calling for affirmative equitable relief. The crossbill contains many allegations with respect to defects in the machines, and installation and operation thereof. It also sets out in detail the various items of expense incurred and the damage resulting on account of the alleged breaches of the contracts on the part of appellees. We have read the crossbill and amendment thereto carefully, and have concluded that the subject-matter contained therein is strictly cognizable in a court of law.

For the error indicated the decree is reversed, and the cause remanded, with direction to transfer the case to the circuit court.

Justices HART and SMITH dissenting.