## H. V. Beasley Music Company v. Cash.

### Opinion delivered June 9, 1924.

SALES—ENFORCEMENT OF VENDOR'S LIEN.—Where the vendor of a chattel sued to recover the purchase money, and asked for the enforcement of his vendor's lien by specific attachment, as provided by Crawford & Moses' Dig., §§ 8729, 8730, the action constituted an election to treat the sale as absolute, and the vendor is entitled to judgment for the amount of the unpaid purchase money, and to have his lien enforced as provided by the statute.

Appeal from Pike Chancery Court; *J. C. Pinnix,* special chancellor; reversed.

*M'Millan & McMillan,* for appellant.

Appellee withdrew his motion to transfer, and the case, by agreement, was submitted to the chancery court. The case is therefore not ruled by *Olson* v. *Moody,* 156 Ark. 319. Appellant had the right of election to affirm the sale and sue to recover the debt, and that right, by this action, the appellant exercised. 78 Ark. 569; 117 Ark. 469. Its choice to pursue this course is not inconsistent with the rights given it as a vendor under C. & M. Digest, chap. 156, §§ 8729-30.

*Featherston & Featherston,* for appellee.

The statement in appellant's complaint, viz: ''plaintiff has and claims a vendor's lien on said piano,'' is inconsistent with its assertion of title in its exhibit to the complaint, and must give way to such assertion to title. 99 Ark. 218. It is the statement of facts, and not the prayer for relief, which constitutes the cause of action, and any relief warranted by the facts pleaded may be granted. 90 Ark. 241. The Olson case, 156 Ark. 319, is controlling here.

McCulloch, C. J. Appellant sold to appellee a musical instrument known as a ''piano player,'' and took appellee's promissory notes, three in number, aggregating the sum of $600, for the balance of the purchase price. Each of the notes contained a stipulation that the title to the piano player should remain in the vendor until payment in full of the note.

Appellant instituted this action against appellee in the chancery court of Pike County in October, 1922, alleging that the sum of $592.07 was due and unpaid on the notes, and praying judgment therefor. The complaint contains an allegation that appellant ''claims a vendor's lien on said piano to secure the payment of said indebtedness,'' and the prayer of the complaint is for the recovery of said amount due and unpaid on the notes, and that the same be decreed to be a lien on the piano, and ''that an order be embodied in the summons herein directing the

sheriff to take the said property and hold the same subject to the orders of the court.'' At the commencement of the action an order was issued in accordance with the prayer of the complaint, directing the sheriff to take the piano player and hold it subject to the orders of the court. This order was issued pursuant to the statute which provides that, in any action for the recovery of money contracted for property in possession of the vendee, ''the court or clerk shall issue, on petition of the plaintiff, duly verified, describing the property and stating its value, at or after the commencement of such action, an order, which may be embodied in the original summons, stating the name of the court and the style of the action, and directing the sheriff or other officer to take the property described in the petition and hold the same subject to the orders of the court.'' Crawford & Moses' Digest, §§ 8729, 8730.

Appellee gave bond to retain possession of the piano player, and filed his answer pleading payment of the notes, and also pleading fraudulent misrepresentations on the part of appellant's agent in making the sale of the instrument. Appellee also filed a motion to transfer the cause to the circuit court for trial, but afterwards withdrew the motion, and, by consent, the cause was finally submitted in the chancery court.

There was evidence adduced concerning the circumstances attending the sale of the instrument to appellee by appellant's agent, and conversations and representations made at that time concerning the condition of the piano player, and there was also testimony introduced on the plea of payment of the notes. The testimony was, to some extent, conflicting as to the amount paid by appellee.

The court found that the allegations of fraudulent misrepresentations were not sustained by the evidence, but decided that appellant was only entitled to recover possession of the piano player, or its value (which the court found to be the sum of $300), as in an action at law for the recovery of possession of personal property,

and accordingly rendered a decree to that effect in favor of appellant.

The action is to some extent similar to that instituted in the case of *Olson* v. *Moody, Knight & Lewis,* 156 Ark. 319, but in that case objection was made to the jurisdiction of the chancery court, and we decided that the objection was well founded, and that the action was not cognizable in equity, and reversed the decree with directions to transfer the cause to the circuit court. In the present case, however, the objection to the trial in chancery court was waived by express consent to a trial in that court. That eliminated the question decided in the Olson case, *supra.*

The trial judge was in error in concluding that this action was, in effect, one for the recovery of possession of personal property. Such is not the case, for the prayer of the complaint was for the recovery of the balance due on the notes. It is true that there was a prayer in the complaint for a lien to be declared on the property sold, but this did not change the nature of the action as one to recover the price.

The complaint also contains a prayer for the issuance of an order at the commencement of the action directing the sheriff to take the property and hold the same, and this prayer clearly evinced an intention to take advantage of the statutory remedy heretofore referred to, which is available in actions brought for the recovery of purchase money ''contracted for property in possession of the vendee.'' Crawford & Moses' Digest, § 8729.

In the Olson case, *supra,* speaking of the remedies of a vendor of personal property who has retained the title as security for the purchase money, we said: ''He may treat the sale as canceled and bring suit in replevin for the property, or he may treat the sale as absolute and sue for the unpaid purchase money, and, in aid thereof, attach the property, under §§ 8729 and 8730 of Crawford & Moses' Digest.'' Appellant's complaint constituted an election to treat the sale as absolute and to recover the purchase price and enforce it under the statutory

remedy referred to above. The court erred therefore in forcing upon appellant the other relief, which appellant had elected not to seek.

The chancery court made no finding as to the amount of the balance due on the notes, and we will not undertake to make a finding here on that subject, in advance of the finding of the trial court.

The decree is therefore reversed, and the cause is remanded with directions to the chancery court to ascertain from the proof the amount of the balance due on the notes, and to render a decree in favor of appellant against appellee for the recovery of said amount, and enforce the same in the method provided by law. It is so ordered.