WHITMORE *v.* HARPER.

Opinion delivered June 1, 1925.

MINES AND MINERALS—LIEN FOR LABOR ON OUTPUT OF OIL WELL.—Where the contract under which defendants assigned an interest in an oil and gas lease was executed and legal and equitable rights were vested before acts 513 and 615 of 1923, giving the contractor drilling an oil well a lien on the output of the well, became operative, plaintiff, who furnished labor and material under contract with the assignee, did not acquire a lien under such acts.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy,* Chancellor; reversed.

*J. W. Warren,* for appellant.

HUMPHREYS, J. This suit was instituted in the Chancery Court of Ouachita County by appellee against appellant, to have a lien of $5,639.70 declared and foreclosed upon the oil, gas, and mineral leasehold estate and interest of appellants in the E½ of the NW¼ of the NW¼ of the SE¼ of section 28, township 15 south, range 16 west, containing five acres, in Ouachita County, Arkansas, for drilling an oil well upon said property under contract with one Richardson, who had purchased an interest in the lease from Joseph Dansiger, to whom appellants had assigned an interest in their lease in consideration that he would develop same without cost or expense to them.

Appellants filed an answer denying that appellee had any right to have a lien declared on the interest reserved by them in the leasehold estate, which they assigned to Joseph Dansiger.

The cause was submitted to the court upon the pleadings and an agreed statement of facts, which resulted in a decree subjecting the ¼ interest of appellant in the lease to the payment of appellees' claim, from which is this appeal.

The agreed statement of fact is as follows:

"It is agreed by attorneys for the plaintiff, W. H. Harper, and the defendants, T. E. Whitmore, J. N. Moxley, R. L. Bennett, and W. F. Ault, that the facts in the above-styled cause are as follows:

"That on the second day of March, 1923, the above-named defendants were the sole owners of an oil and gas lease in usual standard form, on the lands described in the complaint, which lease reserved to the fee owner a ⅛ royalty and vested in defendants 7/8 of all oil produced from said land, with the usual rights and privileges for drilling, and specifically authorized the assignment of said lease by the lessees; that on said date the defendants entered into contract with Joseph Dansiger whereby they assigned said lease to him in consideration that he would develop said lease by drilling a minimum of two

wells thereon for oil and deliver to defendants, in the pipe line to which he might connect his tanks or wells, free of cost to defendants, a 1/16 each of all oil produced and saved from said lease, a copy of which contract is hereto attached and made part of the state of facts herein agreed upon; that said contract was duly recorded in the record of deeds in the office of the recorder for Ouachita County.

"That thereafter the said Joseph Dansiger assigned an undivided 1/2 interest in and to his rights under said contract to ———— Richardson, who in turn contracted with the plaintiff to drill a well on said lease, and that the plaintiff under said contract with said Richardson did furnish the materials and perform the labor for which he sues herein in drilling a well on said lease.

"The defendants were not parties to the assignment from Dansiger to Richardson nor to the contract between plaintiff and the said Richardson; that they have had no relations or dealings with plaintiff which would subject their rights under their said contract with Dansiger to payment of any part of plaintiff's claim unless the state of facts as above set out had that effect."

The lien was declared upon appellant's ¼ interest in the leasehold estate by virtue of the provisions of act 513 of the Acts of 1923, p. 430, and act 615 of the Acts of 1923, p. 499, which was clearly erroneous for the act did not become effective until appellant's contract with Dansiger had been executed. The legal and equitable rights of appellants growing out of their contract with Dansiger were vested before the passage of the acts, and the Legislature had no power to divest previously vested rights. The acts in question were not retrospective.

On account of the error indicated, the decree is reversed, and the cause is remanded with directions to dismiss appellee's bill for the want of equity.