CULBERSON *v.* LAKELLA IRON WORKS.

Opinion delivered March 29, 1926.

1. MINES AND MINERALS—LIEN FOR LABOR ON MACHINERY OF OIL WELL.—Reservation of title in a sale of an oil-well drilling rig, made prior to the passage of Acts 1923, p. 499, giving a lien to persons "working in or about drilling or operation of any oil or gas well" on the machinery and equipment, was paramount to such lien, as the enforcement of a lien thereunder against the vendor would have the effect of impairing the obligation of the contract with the purchaser.

2. SALES—RESERVATION OF TITLE—REMEDIES OF VENDOR.—One who sells personal property with reservation of title, upon the purchaser's default may either treat the sale as canceled and bring an action of replevin, or treat the sale as absolute and sue for the purchase money.

3. SALES—RESERVATION OF TITLE—RIGHTS OF PURCHASER.—In case of a sale of personal property with reservation of title, the original purchaser or one subsequently acquiring rights therein or liens thereon has the right to pay the balance of the purchase price, so as to prevent the seller from retaking the property.

Appeal from Ouachita Circuit Court; *L. S. Britt,* Judge; reversed.

*L. B. Smead* and *Harry Meek,* for appellant.

*J. Bruce Streett* and *W. Garland Streett,* for appellee.

McCULLOCH, C. J. Appellee instituted this action in the circuit court of Ouachita County against M. J. Jones to recover on account for repairs made on an oil well drilling rig, and to enforce a lien on the rig, claimed under the statute enacted by the General Assembly of 1923, giving a lien to persons "working in or about drilling or operation of any oil or gas well" on "all the machinery, tools, equipment and implements used in such drilling or operation of such oil and gas well." Acts 1923, page 499.

The defendant Jones made no defense, and a judgment by default was taken against him.

Appellant, as receiver for Lucey Manufacturing Corporation of Texas, filed an intervention, claiming the right to recover the property involved in the controversy

as owner under a conditional sale contract executed by Lucey Manufacturing Corporation to Jones. Appellant alleged, in the intervention, that the property in controversy was owned by Lucey Manufacturing Corporation of Texas, and that the same was sold by the owner under a contract, whereby the title was reserved in the seller until payment of the note given for the purchase price. A copy of the note and contract was exhibited with the complaint of the intervener. It was also alleged in the complaint of the intervener that the note had not been paid in full, but that there was a balance of $900 due thereon with interest. The prayer of the complaint of the intervener was that he recover possession of the property in controversy free from any lien of the appellee.

The court sustained the demurrer of appellee to the complaint of appellant, and upon refusal to plead further the complaint was dismissed.

Counsel for appellant contend that under the statute appellee is not entitled to a lien at all, and also urge other reasons why the judgment of the circuit court in dismissing appellant's complaint should be reversed. But we content ourselves with deciding the case upon the single contention that the sale of the property made by the Lucey Manufacturing Corporation of Texas and the reservation of title to secure the purchase money took place prior to the enactment of the statute under which appellee asserts a lien; hence the statute is not applicable as the enforcement of a lien thereunder against appellant would have the effect of impairing the obligation of the contract with its purchaser. *Whitmore* v. *Harper,* 168 Ark. 1079. The sale was made and the note for the purchase price containing the reservation of title given on December 2, 1922, which was before the enactment of the statute in question. The court erred therefore in sustaining the demurrer.

Appellant, as the receiver for the vendor of the property, has the remedy of treating the sale as canceled and bringing suit for possession of the property, or treating

the sale as absolute, and suing for the unpaid purchase price. In this instance appellant has elected to pursue the former remedy, and is therefore entitled to recover possession unless the debt is paid. *Olson* v. *Moody, Knight & Lewis, Inc.,* 156 Ark. 319.

The original purchaser, or any one else subsequently acquiring rights therein or liens thereon, has the right to pay the balance of the purchase price, so as to prevent the seller from taking back the property under the terms of his contract.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.