ROY *v.* NOTESTINE.

4-9052                                   226 S. W. 2d 66

Opinion delivered January 23, 1950.

*Fletcher Long,* for appellant.

*Harold Sharpe* and *E. J. Butler,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, M. A. Roy, is engaged in business at Memphis, Tennessee, as Roy Butcher Supply Company. In April, 1946, appellant entered into a conditional sales contract with appellee, Thomas W. Notestine, who was in the process of opening a frozen food plant at Forrest City, Arkansas.

The original contract provided for the sale by appellant to Notestine of over $10,000 worth of refrigeration equipment to be used in the proposed plant. By agreement there were subsequent omissions and substitutions of certain items called for in the original contract, resulting in approximately $7,000 worth of equipment actually being sold and installed.

The contract contained the usual provisions for reservation of title in the seller until payment of the purchase price which was evidenced by a note payable in monthly installments. There was a balance of $1,065.84 due and unpaid on the contract on May 17, 1947, when Notestine procured a loan of $36,000 from appellee Reconstruction Finance Corporation through a Forrest City bank. This loan was secured in part by a chattel mortgage on all equipment used in operating the frozen food plant including the equipment sold by appellant.

In the summer of 1948 Notestine defaulted in his payments due under the RFC loan, executed a bill of sale of the property to W. E. Shaver and left Forrest City. The mortgage to RFC contained the usual covenants of absolute ownership. On August 23, 1948, RFC filed suit against Notestine and Shaver to foreclose its mortgage and a receiver was appointed to take charge of and operate the plant. Although constructive service was had on appellee Notestine, he subsequently entered his appearance in the suit. RFC had no knowledge of the contract between appellant and Notestine; and appellant

acquired actual knowledge of the RFC mortgage prior to the institution of the foreclosure suit.

On October 18, 1948, appellant intervened in the foreclosure suit and asked for judgment against appellee Notestine for the unpaid balance of the purchase price under the conditional sales contract and, "That her lien under the conditional sales contract be declared a first lien on all equipment sold thereunder."

On October 26, 1948, a foreclosure decree was entered in favor of RFC and sale of the mortgaged equipment was ordered subject to the unadjudicated claim and rights of appellant as to that part of the equipment involved in the conditional sales contract. This order was approved by appellant. RFC became the purchaser of the mortgaged property at the foreclosure sale held on November 24, 1948, subject to the unadjudicated claim of appellant.

On November 20, 1948, appellant filed an amendment to her intervention which contains the following material allegations: "2. Intervener abandons her cause of action and prayer for judgment for the balance due on the conditional sales contract as against defendant Notestine.

"3. Intervener prays a first lien on the receiver's proceeds from the sale of all equipment sold by intervenor on conditional sales contract, as against defendant Notestine, the receiver, and plaintiff Reconstruction Finance Corporation."

The answer of appellee Notestine to the intervention alleged that appellant had by her pleadings elected to affirm the sale and sue for the purchase money rather than replevin the property and, therefore, was not entitled to a lien on the property or the proceeds of the sale.

After a hearing the trial court entered a decree on February 3, 1949, dismissing the intervention of the appellant. The court found that appellant had by her actions and pleadings elected to sue for the balance of the indebtedness due under the conditional sales contract

thereby waiving her right to the property and that she was not entitled to a first lien on the proceeds of the foreclosure sale of equipment sold by appellant to Notestine. The court further found that appellant was entitled to personal judgment against appellee Notestine for the balance due under the conditional sales contract, but the award of such judgment was refused by appellant because the court would not declare it to be a first lien on said property.

This appeal challenges the correctness of the trial court's conclusion that appellant, by her actions and pleadings, became bound by her election in pursuing alternative and inconsistent remedies. The rule which has been applied in numerous cases is stated in *Loden* v. *Paris Auto Co.,* 174 Ark. 720, 296 S. W. 78, as follows: ". . . where a vendor of chattels has reserved the title until the purchase price is paid, on breach of condition he has two remedies: One is to retake the chattel and thereby cancel the debt, and the other is to sue for the debt and thereby waive his title to the property. So, in such a case the vendor has the right to elect which remedy he will pursue, and, having elected to pursue the one, he is precluded from pursuing the other." Thus, if a seller sues for the unpaid balance of the purchase price, he has waived his title and cannot thereafter maintain an action of replevin. *Olson* v. *Moody, Knight & Lewis, Inc.,* 156 Ark. 319, 246 S. W. 3. In aid of the second remedy the seller may invoke the provisions of Ark. Stats., (1947), §§ 34-2301 to 34-2303, which provide that where a seller brings an action for the unpaid balance of the purchase price, he may have the specific goods attached pending the outcome of the action. *Coblentz & Logsdon* v. *L. D. Powell Co.,* 148 Ark. 151, 229 S. W. 25.

In *Neal* v. *Cone,* 76 Ark. 273, 88 S. W. 952, an effort to enforce a specific attachment for the purchase money was held to be inconsistent with a claim of title to the property itself, the court saying: "This statute only gives the vendor of personal property in an action brought for the recovery of the purchase money the right to seize the property purchased while it is in the posses-

sion of the vendee. It does not give him a lien which he can enforce at law by seizing the property after it has passed into the hands of third parties who have purchased the same for value, although such parties may have notice before their purchase that the purchase money has not been paid." See, also, *Butler* v. *Dodson,* 78 Ark. 569, 94 S. W. 703.

In *Fox* v. *Arkansas Industrial Company,* 52 Ark. 450, 12 S. W. 875, a general attachment had been issued against personal property prior to a suit by the seller seeking to attach it for the unpaid purchase price under the above-mentioned statute. The court held that the privilege granted the seller by the statute did not take precedence over the rights of the prior attaching creditor and that said seller only acquired the right of a second attaching creditor.

In *Halporn* v. *Clarendon's Hardwood Lumber Co.,* 64 Ark. 132, 40 S. W. 784, the court held that it was too late for a seller to obtain a specific attachment to enforce payment of the purchase money under a conditional sales contract after the property had been placed in the hands of a receiver by order of the court.

There is some conflict in the authorities as to whether the mere commencement of an action constitutes an irrevocable election to pursue alternative and inconsistent remedies. The rule followed by this court is stated in *Belding* v. *Whittington,* 154 Ark. 561, 243 S. W. 808, 26 A. L. R. 107, as follows: "The doctrine of our own court is in accord with the view that where there has once been an election between alternative and inconsistent remedies not occasioned by a mistake or ignorance of material facts, but as the result of a deliberate choice of election between the two, the party making such choice cannot afterwards recant, dismiss his pending action and invoke another remedy in the same or a different forum, even though no positive disadvantage or injury has resulted to the other party. We believe the better reason is to hold one to a deliberate choice once made between inconsistent remedies, where that choice involves nothing more than the determination by the party as to which of

two remedies will best subserve his purpose. . . ."
See, also, Anno. 6 A. L. R. 2d 31.

We think appellant's action as disclosed by her intervention constituted an election to treat the sale as absolute and recover the balance of the purchase price. She had not filed the amendment to her intervention when the property was sold at the foreclosure sale and delivered to RFC subject to her unadjudicated claim. While she did not specifically plead §§ 34-2301 to 34-2303, *supra,* her prayer for a first lien did not change the nature of the action as one to recover the purchase price. *H. V. Beasley Music Co.* v. *Cash,* 164 Ark. 572, 262 S. W. 656. Moreover, appellant did not ask for return of the property in either the intervention or the amendment thereto and thereby waived her reservation of title under our decisions.

Appellant also contends that appellee Notestine is precluded from relying on the doctrine of election of remedies by the terms of the conditional sales contract. The effect of the provision relied upon is that the seller shall not be bound by the election rule and that the beginning of a suit for the purchase price shall not "prevent the taking of possession of said property by the seller." The case of *Franklin Sav. Bank* v. *Garot,* 69 Fed. 2d 487, is cited in support of the contention. The contract involved in that case contained provisions for both a mortgage and conditional sale of the property and the court declined to pass on the question whether a provision of the contract amounted to a waiver by the buyer of the right to rely on the rule of election of remedies. It is also unnecessary to pass on the question here for the reason that appellant has not asked for possession or return of the property at any stage of the proceedings.

It follows that the trial court correctly dismissed appellant's intervention upon her refusal to accept personal judgment against appellee Notestine, and the decree is, therefore, affirmed.