## LAVENDER *v.* FINCH.

### Opinion delivered May 24, 1920.

1. SALES—SPECIFIC ATTACHMENT.—The statutory remedy authorized by Kirby's Digest, §§ 4966-7, in favor of a vendor of chattels, to enforce payment of the purchase money, is not a lien, and can not be enforced where the property has passed into the hands of purchasers for value, even though they may have had notice before their purchase that the purchase money had not been paid.

2. TRIAL—INSTRUCTION—APPLICABILITY TO EVIDENCE.—Where undisputed evidence showed that the timber attached by the vendor had not been paid for, an instruction that if the jury found the timber was paid for plaintiff could not recover was properly refused.

3. PLEADING—EVIDENCE ON POINT NOT IN ISSUE.—Where there was no issue as to the amount of consideration of a deed, the grantee will not be permitted to explain how such consideration was arrived at.

Appeal from Cleburne Circuit Court; *J. M. Shinn,* Judge; reversed in part affirmed in part.

*Lee & Moore,* for appellants.

The lumber and timber when severed from the soil was personalty and the lumber he purchased from Lavender in good faith and appellee had no lien. 91 Ark. 218; 76 *Id.* 273; 136 Ark. 190. The court erred in its instructions. 194 S. W. 95. They are in conflict and irreconcilable. 74 Ark. 437; 76 *Id.* 224; 88 *Id.* 550; 95 *Id.* 377; 104 *Id.* 67; 110 *Id.* 197.

*M. M. Lavender, pro se.*

1. The court erred in refusing to permit Lavender to testify in explanation of the contract and its apparent ambiguity of consideration. 93 Ark. 191; 128 *Id.* 73; 90 *Id.* 426; 99 *Id.* 223; 129 *Id.* 513.

2. The contract or deed was drawn at the instance of Finch (appellee), and should be construed most strongly against him and the court erred in refusing instruction No. 4, asked by Lavender. 73 Ark. 342; 84 *Id.* 431; 90 *Id.* 88. See, also, 97 *Id.* 522; 105 *Id.* 518; 112 *Id.* 1; 115 *Id.* 176.

*Geo. J. Crump,* for appellee.

1. The case should be affirmed as to Lavender on his own testimony.

2. The case was fairly submitted to a jury and the law was properly given and the verdict is conclusive. *Farmers Mut. Ins. Co.* v. *Hodges,* 142 Ark. 577.

WOOD, J. Carl Finch executed a timber deed to M. M. Lavender, conveying to him all the timber except cedar upon 320 acres of land described in the deed situated in Cleburne County, Arkansas. The consideration was $6,000, $1,600 cash and the balance of $4,400 to be paid in semi-monthly payments of $450 beginning from the date when the timber operations on the land were started. Lavender was to have two years from the date of the deed for cutting and removing the timber. The

conveyance was subject to a lien on the timber in favor of C. L. Moore for $750. The instrument contains the following provision:

"The payments of $450 semi-monthly are computed on basis of manufacture of 150,000 feet of lumber per month. In the event that said M. M. Lavender should fail to manufacture said amount the monthly payments shall be reduced in proportion to the number of feet of lumber manufactured. In the event that more than 150,-000 feet of lumber is manufactured monthly then in that event the semi-monthly payments are to be increased in proportion to the amount so manufactured. The above conditions shall be of natural origin and not of wilful neglect or negligence.

"Lien is hereby retained upon the timber hereinafter mentioned to secure the residue of said above-mentioned deferred payments."

The appellee instituted this action against M. M. Lavender, H. K. Wellborn, and James Walls, doing business as the Holly Grove Lumber Company, hereafter for convenience called company. He set up the timber deed and alleged that the sum of $2,740 was due him thereunder; that the timber was sold to the company. He alleged that he had a specific lien on 100,000 feet of lumber in the possession of the company for the sum due him under the timber deed. He prayed for a specific attachment of the lumber for the balance due him.

Appellant Lavender answered, denying that he was a partner in the company. He alleged that the company was composed of H. K. Wellborn, J. B. Wellborn and J. A. Walls; that he had no interest in the company. He admitted the execution of the timber deed and denied that the company knew anything about it. He alleged that they had no interest under the timber deed. Denied that the timber was purchased by him for the company. Alleged that it was purchased for himself. He denied that he was due the appellee any sum and by way of cross action he set up that the appellee had represented that there were at least 1,000,000 feet of merchantable timber

on the land described in the timber deed, that these representations were designedly made to induce Lavender to purchase the timber; that he relied upon them; that such representations were false and were known to be false by the appellee at the time they were made.

Lavender alleged that there were only 470,652 feet of merchantable timber and that he had more than paid the price of such timber in accordance with the terms of the timber deed. He stated that the payments required under the timber deed would amount to $2,823.93 and that he had paid appellee the sum of $3,097.47. He denied the allegations of appellee's petition for specific attachment. Alleged that the 100,000 feet of lumber was the property of the company; that he in good faith had sold the lumber to the company. He prayed that the writ of attachment be dissolved and for such other relief as he might be entitled to have.

The company answered, denying that Lavender was a member of the company and denied the allegations of appellee's complaint as to it. It alleged substantially the same facts as were set forth in the separate answer of Lavender and denied the allegations of appellee's petition for specific attachment. It alleged that the lumber attached was purchased by it from Lavender and that the attachment was wrongfully issued. It set up that by reason thereof it had been damaged in the sum of $3,000, for which it prayed judgment.

The appellee answered the cross-complaint of Lavender and the company and denied specifically their allegations and prayed that they be dismissed and that he have judgment as asked in his original complaint.

The appellee testified that he executed the timber deed to Lavender; that Lavender told him that he was in the employ of the company; that he was its agent or partner; that he was letting the company have the timber that was cut from appellee's land; that the company handled it exclusively; that in discussing the trade Lavender asked appellee about the amount of the timber and appellee told him that it had been estimated at

1,250,000 feet. Appellee was not present when the estimate was made, but that was his information. Before the trade was consummated appellee and Lavender agreed upon the price of the timber. Lavender went upon the land and made an estimate of the timber and came back and bought the timber of the appellee. Appellee did not represent to Lavender that the tract of land carried 1,000,000 feet of timber or more. Appellee was not an experienced lumber man but Lavender was. They went back and forth across the land and Lavender estimated it by the trees and that is the basis upon which he bought it. Appellee was selling the timber for $6,000 on the tract of land consisting of 320 acres. He sold it as a lump trade, and Lavender thought that there was ample timber there to justify him in buying same and paying the sum of $6,000 for it.

Appellee further testified that Lavender had paid him under his contract $2,222.47, leaving a balance due him of approximately $2,937.50, including a lien on the property at Harrison, which appellee took in part payment of the purchase money.

W. R. Casey testified that he was an attorney, and that he was employed by the appellee to institute suit against Lavender; that the day before the suit was instituted he heard the conversation between the appellee and Lavender, in which Lavender admitted that he owed appellee on the contract the difference between the payments, a statement of which he exhibited, and $6,000, the consideration named in the timber deed. He stated that he was sorry that he had not been able to pay, but the timber had not turned out as he had expected it to turn out. In the conversation Lavender told them that the timber was bought for the company; that he was acting merely as its agent; that he received a salary and some little commission; that was the reason that witness included the company as party defendant in the suit. Lavender said that most of the lumber attached came off of the land and belonged to the company. Upon that statement witness attached the lumber.

Lavender testified that he had bought the timber from appellee as evidenced by the timber deed; that he had cut and removed all the timber from the land embraced in that deed; that there were 470,272 feet; that he had paid appellee for this timber under the contract; that he did not owe him anything but in fact had overpaid him. He denied the conversation testified to by witness Casey. He stated that there was no one interested with him in the purchase of the timber from appellee. He denied that he had ever told or indicated to any one that he was the agent of the company. He stated that he told appellee and Casey that he was employed on a salary of $50 per month and a commission of fifty cents per thousand to buy and handle lumber for them. His contract with the company was in writing. The company was in no sense interested in the purchase of the timber from appellee. He and appellee made an estimate of the timber before the deed was executed. Appellee stated that he was sure that there was 1,000,000 feet. Witness thought there would be something like 1,000,000 feet and told appellee that he could afford to purchase at $6 per thousand if there were 1,000,000 feet and a contract was entered upon under the assumption that there was 1,000,000 feet. Witness made the payments as the contract provided. When the lumber was cut and brought to witness, he sold it to the company. It paid for it and witness paid appellee. Witness was never at any time a partner in the company, in this timber deal or any other matter. The company did not authorize witness to buy any timber for it. Witness was only authorized to buy lumber for the company. Witness did not want the attachment brought against the company as they did not have a thing in the world to do with the deal; that is the reason witness asked appellee and Casey not to attach. Witness did not know exactly how much they attached, but there must have been 150,-000 feet. The company got the lumber and shipped it away.

There was testimony corroborating the testimony of Lavender as to the amount of the timber.

Toney Lewis testified that his firm, the Lewis Brothers, contracted with Lavender to cut the timber on the land in controversy and it proceeded to cut all the commercial timber on the tract; that Lavender paid for same with checks on Heber Springs bank.

H. K. Wellborn testified that the company was composed of himself, Walls and B. G. Wellborn; that Lavender was not a member of the firm and had never at any time been the agent of the company. The company bought a portion of the pine timber that came from appellee's land and paid for all the lumber it bought from Lavender; that the lumber that was attached was not all the lumber the company had bought and paid for. It paid Lavender $7,291.31 for the lumber. The company had nothing to do with the purchase of the tract of timber from the appellee. Did not know anything about it and was not interested in it; that the lumber attached was paid for by the company before the attachment was issued and some of the lumber came from other parties. The company hired Lavender at $50 per month and gave him a commission on lumber bought. The company also gave him a commission on lumber sold, the same as they gave other people. The company put a $1,000 in the Bank of Heber Springs with the understanding that when a load of lumber came to town Lavender was to buy it and give a check. The company told Lavender what he could pay for the lumber and the $1,000 was placed in the bank for him to buy lumber with. If he did not have a statement at the bank showing the number of feet and from whom purchased the bank would not pay the check. The jury returned the following verdict:

"We, the jury, find for the plaintiff against the defendant M. M. Lavender in the sum of $2,740 and sustain the attachment herein on the lumber."

The court rendered judgment against Lavender in favor of the appellee for that sum and sustained the attachment. The court also rendered judgment against

the company and its bondsmen.   From that judgment is this appeal.

The appellant company asked the court to instruct the jury in substance that if the company purchased the lumber from Lavender and paid him for the same before the issuance of the writ of attachment, their verdict should be for the company, even though Lavender may not have paid the appellee for the timber, and even though the company had actual notice that the purchase money had not been paid by Lavender.

The court erred in refusing to grant this prayer for instruction.   Appellee asked and obtained specific attachment of the timber under the provisions of chapter 101 of Kirby's Digest.   In *Neil* v. *Cone,* 76 Ark. 273, we held: "The statutory remedy authorized by Kirby's Digest, sections 4966-7, in favor of a vendor of chattels, to enforce payment of the purchase money, is not a lien, and can not be enforced where the property has passed into the hands of purchasers for value, even though they may have had notice before their purchase that the purchase money had not been paid."   See also *McComb* v. *Judsonia State Bank,* 91 Ark. 218.

The appellee caused the attachment to be issued on the theory that Lavender was a partner in the company or that he was the agent of the company to purchase the timber of the appellee.   The court instructed the jury that the undisputed evidence showed that Lavender was not a partner in the company.   There was testimony tending to prove that he was not the agent of the company for the purchase of the timber.   There was evidence to warrant the finding and therefore a submission of the issue to the jury as to whether or not the company purchased the timber direct from Lavender.   Therefore, the above prayer for instruction should have been granted.

The appellant company also asked the court to instruct the jury that if they found that the timber attached was fully paid for by Lavender in the manner

set forth in the timber deed the appellee could not
recover as against the company.

As we construe the timber deed, the undisputed evi-
dence shows that the timber had not been paid for by
Lavender. Therefore, there was no testimony to war-
rant the submission of that issue to the jury, and the
court did not err in refusing to grant such prayer.

The company urges that there was a conflict in some
of the instructions given by the court, which we find to
be the case, but we deem it unnecessary to discuss these
for the reason that the court is not likely to repeat this
error on rehearing.

Appellant Lavender contends that by the terms of
the timber deed he was to pay appellee $6 per thousand
for all commercial timber except the cedar on the 320
acres of land described in the deed and that the court
erred in refusing to permit him to testify in explanation
of the timber deed as to how the consideration of $6,000
was arrived at, but we do not find in the abstract of ap-
pellant where the court refused to permit testimony to
this effect to be introduced by Lavender. According to
the abstract, no ruling of the court was elicited on that
issue.

Moreover, the appellee alleged that the sum of $6,000
was to be paid for the timber. Appellant Lavender does
not deny that such was the consideration, but on the con-
trary he expressly admits that "he was induced to pur-
chase said timber at and for the sum of $6,000." There
was, therefore, no issue as to the amount of the consid-
eration that Lavender was to pay for the timber. Even
if Lavender had offered the testimony as above con-
tended by him, the court would not have erred in exclud-
ing the same and thus restricting the parties to the issue
raised by the pleadings.

The appellant Lavender, while admitting that he was
to pay $6,000 for the timber, alleged that this considera-
tion was agreed upon on account of the false representa-
tions of the appellee to the effect that there were 1,000,000
feet of timber in the tract. But there was no testimony

to warrant the court in submitting an issue of deceit and fraud to the jury. Under the undisputed evidence the court would have been justified in instructing the jury to return a verdict in favor of the appellee on this issue.

There was no error in the rulings of the court on the issues between the appellee and appellant Lavender. There was evidence to sustain the verdict as to appellant Lavender. The judgment as to him is, therefore, correct and it will be affirmed.

As to the appellant company, the judgment will be reversed and the cause, for the error indicated, will be remanded for a new trial.