**In re M.P.G., INC., a/k/a Country Market Place; Rockland Const.; Primus Realty; Keystone Properties, Debtors.**

**Ben T. BARRY, Trustee, Plaintiff,**

v.

**SHRADER HOLDING COMPANY, INC. d/b/a Arkansas Meter & Supply, Defendant.**

Bankruptcy No. 96–80848.
Adversary No. 97–8054.

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

July 28, 1998.

William R. Gibson, Fayetteville, AR, for Debtor.

David Westbrook Doss, Fayetteville, AR, for Shrader Holding Co.

John Terry Lee, Siloam Springs, AR, for Debtor.

Ben T. Barry, Ft. Smith, AR, Trustee.

*MEMORANDUM OPINION*
JAMES G. MIXON, Chief Judge.

On October 3, 1996, M.P.G., Inc. a/k/a Country Market Place ("Debtor") filed a voluntary petition for relief under the provisions

of chapter 11. On March 19, 1997, Ben T. Barry was appointed Trustee and on August 22, 1997, the Trustee filed this adversary proceeding against Shrader Holding Company, Inc. ("Shrader") to recover an alleged preferential transfer of $50,213 .79. The parties submitted the matter on stipulated facts and briefs.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F), and the Court has jurisdiction to enter a final judgment in the case. The following shall constitute findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

## I.

### FACTS

The facts are not in dispute and were stipulated by the parties as follows:

1. Ben T. Barry was appointed Trustee of the Debtor on or about March 19, 1997.

2. Shrader is a company authorized to do business in Arkansas using the name of Arkansas Meter & Supply Company ("AMS"). At all times pertinent to this case, Shrader was and is a creditor of the Debtor.

3. On July 31, 1996, AMS delivered approximately $92,534.39 worth of utility materials including pipe, valves, fittings and hydrants ("materials') at the request of Paul Schwartz, president of the Debtor. The materials were furnished for and used to construct utility lines in the Sun Meadows subdivision in Benton County, Arkansas. The Tonitown branch of AMS delivered the utility pipe.

4. At all times pertinent Shrader was an unsecured creditor who sold materials on open account.

5. At the request of Paul Schwartz, the materials were delivered to the Debtor prior to payment for the materials because Paul Schwartz informed Ronnie Shrader, President of Shrader, and Rodney Ussery, manager of the AMS Tonitown branch, that the bond issue securing the financing on the Sun Meadows subdivision required receipt of materials prior to payment for the materials. AMS sold the Debtor these materials on credit.

6. Paul Schwartz promised Ronnie Shrader and Rodney Ussery that payment would be made for the delivered materials on Monday, August 4, 1996. Payment for the materials was not made.

7. On Tuesday, August 5, 1996, Ronnie Shrader and Rodney Ussery contacted Paul Schwartz by telephone and demanded immediate payment. Paul Schwartz refused the demand made by Ronnie Shrader and Rodney Ussery. Upon refusal of their demand, Ronnie Shrader and Rodney Ussery orally demanded immediate return of all materials delivered to the Debtor on July 31, 1996. Paul Schwartz refused this demand.

8. On August 29, 1996, representatives of AMS went to the Sun Meadows subdivision and repossessed a portion of the material for which the Debtor had previously received an invoice from AMS in the sum of $50,213.79.

9. AMS resold the repossessed utility pipe in the ordinary course of business for $47,251.07.

10. The Debtor filed for relief under chapter 11 of the Bankruptcy Code on or about October 3, 1996.

11. The Trustee has met the requirements of a preferential transfer pursuant to section 547(b) of title 11 and the preference exceptions contained in section 547(c) do not apply to this case.

## II.

### DISCUSSION

The issue presented is whether Shrader's prepetition exercise of its right of reclamation under state law is subject to the Trustee's power to recover a preference under

section 547 of the United States Bankruptcy Code. The answer is yes, under the facts in this case.

■ Under Arkansas law, sellers of goods on unsecured credit have a right to reclaim the goods previously sold under certain conditions. *See, e.g., Lavender v. Finch,* 144 Ark. 199, 222 S.W. 35 (1920). Arkansas' version of the Uniform Commercial Code provides for the right of reclamation as follows:

> Where the seller discovers that buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within (10) days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three (3) months before delivery the ten-day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.

Ark.Code Ann. § 4–2–702(2) (Michie 1991).

In cases involving a debtor who has filed bankruptcy, the following bankruptcy statute is also applicable:

> (c) Except as provided in subsection (d) of this section, the rights and powers of a trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but——
>
> (1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods——
>
> (A) before 10 days after receipt of such goods by the debtor; or

> (B) if such 10–day period expires after the commencement of the case, before 20 days after receipt of such goods by the debtor ...

11 U.S.C. § 546(c)(1)(A)(B)(1994).

The requirements for exercising the right of reclamation under Arkansas state law differ from those for exercising the right under bankruptcy law. *Compare* 11 U.S.C. § 546 (1994) *with* Ark.Code Ann. § 4–2–702 (Michie 1991). *See also* Michael L. Cook and Steven L. Barnett, "The Seller's Reclamation Rights under U.C.C. Section 2–702(2) and Bankruptcy Code Section 546(c)," 582 Practising Law Institute, Commercial Law and Practice Course Handbook Series 7 (1991) (discussing reclamation requirements under the Bankruptcy Code and U.C.C.).

Arkansas law requires only that "demand" to reclaim be made within ten days after delivery of the goods while section 546(c) of the Bankruptcy Code requires that *written* demand be made within ten days after delivery of goods. A majority of courts construe section 546(c) as the exclusive procedure for exercising the right of reclamation against a buyer who has previously filed for bankruptcy. Thus, under the majority view, a demand for reclamation must be in writing when the buyer is in bankruptcy. See *Oakland Gin Co., Inc. v. Marlow (In re Julien Co.),* 44 F.3d 426, 432 (6th Cir.1995) and cases cited therein.

This Court has previously adopted the minority view that failure to give written demand but otherwise complying with applicable state law reclamation requirements only renders the seller's right of reclamation subject to attack under the Trustee avoiding powers. *Farmers Rice Milling Co. v. Hawkins (In re Bearhouse, Inc),* 84 B.R. 552, 560 (Bankr.W.D.Ark.1988).[1] *Accord United Beef Packers v. Lee (In re A.G.S. Food Systems, Inc.),* 14 B.R. 27, 28–29 (Bankr.D.S.C.1980). *See also* Richard A. Mann & Michael J.

---

1. Shrader cites In re Bearhouse for the proposition that because a seller in that case made only oral and not written demand for reclamation and still prevailed over the trustee, the same outcome should result here. However, in In re Bearhouse, the Trustee's avoiding power was derived from section 544 giving him the status of a judgment lien creditor that proved to be inferior in priority, under state law, to the rights of the reclaiming seller. Here, the Trustee is not attempting to avoid the seller's prepetition reclamation rights under section 544 and state law, but instead asserts that the transfer of goods from buyer back to seller is a preference in accordance with bankruptcy law contained in section 547.

Phillips, "Section 546(c) of the Bankruptcy Reform Act: An Imperfect Resolution of the Conflict Between the Reclaiming Seller and the Bankruptcy Trustee," 54 Am. Bankr.L.J. 239 (1980) (discussing the various approaches to construing state law reclamation rights in the bankruptcy context). These two views are referred to as the restrictive interpretation and the expansive interpretation by some leading bankruptcy commentators. 2 David G. Epstein et al., Bankruptcy § 6–65 at 148–49 (1992).

Regardless of which view is appropriate, the Trustee will prevail on the facts in this case because the reclamation was completed prepetition without giving written notice. As stated by Professors Epstein, Nickles and White:

(149–50)

> The only consequence of an accomplished [prepetition] reclamation not having satisfied section 546(c)'s requirements is that, upon the trustee attempting to avoid the reclamation on the basis of some other Code provision, the seller is denied the shield of immunity that section 546(c) gives when its requirements have been met. On the other hand, a seller gets the shield who reclaims prepetition in compliance with section 546(c)'s requirements.

2 David G. Epstein et al., Bankruptcy § 6065 at 149–50 (1992).

Because the demand to reclaim in this case was not made in writing, the prepetition exercise of the right of reclamation by the Defendant is subject to the Trustee's avoiding powers in accordance with section 547 of the Bankruptcy Code. The parties have stipulated that the transfer in question met all requirements of a preferential transfer under section 547. Therefore, the Trustee is entitled to judgment in the sum of $50,213.79, interest at the legal rate from the date of the preferential transfer, and costs.

IT IS SO ORDERED.